Homix Products, Inc., Respondent, *v.* Henry Pape, Inc., Appellant.

First Department, February 28, 1949.

*Joseph Leary Delaney* of counsel (*Edwin A. Tennant, Jr.,* and *Lee Feltman* with him on the brief; *Wagner, Quillinan, Wagner & Tennant,* attorneys), for appellant.

*Donald Marks* of counsel (*Arthur M. Bullowa* and *Jane M. Murphy* with him on the brief; *Baer & Marks,* attorneys), for respondent.

*Per Curiam.* In action for balance of purchase price of 2,000 cases of plaintiff's food product, " ' Oz ' Ready Mix for Fudge ", the court after a nonjury trial directed judgment in plaintiff's favor for $9,851.09; defendant appeals.

Defendant is a corporation engaged for many years in the wholesale food business as a " wagon distributor " representing nationally known named brand food producers and selling such foods from its 108 trucks through service salesmen to retailers. The sale in question, defendant contends, was not, as plaintiff claims, an outright sale of 2,000 cases to defendant, but was made to defendant as plaintiff's exclusive distributor on a sale or return basis. Defendant also claims plaintiff agreed to support the sales by an extensive advertising campaign and wholly failed to do so. In support of a defense of a general custom in the trade pursuant to which wholesale food distributors such as defendant distribute food products on a sale or return basis, defendant introduced testimony through its president and the sales managers of three well-known manufacturers of branded food products.

On this record by the pleadings, the proof and the bills of particulars of both parties, the agreement was conclusively established to be oral. Nevertheless, the trial court held that a letter which plaintiff wrote defendant after the making of the oral agreement relied on, was a written contract that could not be varied by parol evidence. On the facts disclosed, that ruling was erroneous.

The testimony of defendant's president that delivery of the goods was on a sale and return basis, was properly admitted, and should have been given weight. It was fortified by proof of the custom in the trade, which was sufficiently established by reputable witnesses whose testimony as to such custom was uncontradicted, and in the light of such custom the parties are deemed to have contracted. The weight of the evidence as to the basis on which the sale was made clearly supports defendant.

Concededly plaintiff made defendant its exclusive *distributor* in the agreed area of plaintiff's product which defendant had never before seen or distributed. It is extremely improbable

under the circumstances that defendant, as a distributor of plaintiff's product, would purchase on an outright sale basis thousands of cases of such packaged product. Defendant's version is further supported by plaintiff's own testimony that at the making of the oral agreement, defendant wanted to take 3,000 cases but plaintiff's representative suggested that the order be cut to 2,000 cases.

Defendant paid plaintiff for the cases it sold and offered to return and tendered plaintiff the merchandise unsold. At trial defendant withdrew its third defense of fraud and its counterclaim for the cost of storage of the goods.

As this was a trial by the court without a jury, we should enter the judgment the trial court should have entered (*Bernardine* v. *City of New York,* 268 App. Div. 444, affd. 294 N. Y. 361, 366). The judgment appealed from should be reversed and the complaint dismissed, with costs and judgment entered in favor of defendant against plaintiff, with costs and disbursements on this appeal. The order to be entered shall provide that plaintiff shall have a reasonable time within which to accept at a date to be fixed in the order, the tender and return to plaintiff of the unsold 1,443 cases of plaintiff's product.

PECK, P. J., DORE, COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Judgment unanimously reversed and the complaint dismissed, with costs, and judgment directed to be entered in favor of the defendant against plaintiff, with costs on this appeal, the plaintiff to have a reasonable time within which to accept at a date to be fixed in the order, the tender and return to plaintiff of the unsold 1,443 cases of plaintiff's products. Settle order on notice.