■ CONSOLIDATED CHARCOAL CO., INC., Respondent, v TELE-STAR MEDIA CORP. et al., Appellants.—In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (Clavin, J.), entered January 23, 1985, which, after a nonjury trial, is in favor of the plaintiff and against them in the sum of $13,070.15.

Judgment modified, on the law, by deleting the provisions thereof which are in favor of the plaintiff and against the defendant Michael La Marca, and substituting therefor a provision dismissing the complaint as to that defendant. As so modified, judgment affirmed, without costs or disbursements.

The trial court properly concluded, on the basis of the plaintiff's uncontroverted evidence of custom and usage in the trade (UCC 2-202, 1-205 [2]; *see also, Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1, 6), that the transaction in this case was in the nature of a "sale or return" transaction (UCC 2-326 [1] [b]; *see also, Homix Prods. v Henry Pape, Inc.,* 274 App Div 648, *affd* 299 NY 773). Thus, the trial court correctly determined that the term "fully guaranteed sale" was meant to confer upon the plaintiff the right to return all goods which it was unable to sell and to be reimbursed for the purchase price of those unsold goods. Moreover, the evidence established that the defendant Tele-Star Media Corp., the manufacturer's sales representative, was an independent contractor having no authority to bind the manufacturer and, therefore, the trial

court properly rejected the defendants' assertion that they could not be liable on the guarantee because they had merely acted as agents of the manufacturer *(cf. Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1). However, there was no evidence that the defendant Michael La Marca acted in other than his capacity as president of the corporate defendant and, accordingly, there was no basis for the imposition of personal liability upon him in this case *(see, Savoy Record Co. v Cardinal Export Corp., supra).* Therefore we have directed that the judgment be modified so as to dismiss the complaint insofar as it is against him. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.