■ MANHATTAN FILM, INC., Respondent, v ENTERTAINMENT GUARANTEES, LTD., et al., Appellants, et al., Defendant.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered on March 23, 1989, which, *inter alia,* granted

plaintiff's motion for partial summary judgment against defendants Entertainment Guarantees, Ltd. and Beauclair Rogers, dismissed defendants' first, second, third and fourth affirmative defenses, granted plaintiff's motion for a default judgment against defendant James Swann and denied defendants' cross motion for dismissal of the complaint pursuant to CPLR 327, is unanimously modified on the law to the extent of denying plaintiff's motion for summary judgment with respect to the second and third causes of action, and otherwise affirmed, without costs or disbursements.

Judgment of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered on April 3, 1989, which awarded judgment to plaintiff in the sum of $184,546 plus interest against defendants jointly and severally, is unanimously modified on the law to the extent of denying judgment against defendant Beauclair Rogers in his individual and personal capacity, and otherwise affirmed, without costs or disbursements.

Plaintiff-respondent Manhattan Film, Inc. commenced this action to recover a refund of part of a premium paid for a completion guarantee issued by defendant-appellant Entertainment Guarantees, Ltd. in connection with plaintiff's production of a certain motion picture. Although the movie was finished and delivered in accordance with plaintiff's contractual obligations, defendant refused to remit the refund mandated by its agreement with Manhattan Film. In that regard, the Supreme Court properly rejected the arguments advanced by defendants with respect to the first cause of action in the complaint alleging breach of contract since there are no disputed questions of fact evident herein such as would preclude summary judgment with respect to this claim. Defendants' conclusory and unsupported statement that James Swann, the chief executive officer of Entertainment Guarantees, lacked the authority to act on the company's behalf is insufficient to create a viable issue of fact and, indeed, is contradicted by substantial documentary evidence in the record that he did possess full authority to enter into contracts on behalf of Entertainment Guarantees and bind the latter thereto. Moreover, the contention by defendants, again unsupported, that there were outstanding claims against the guarantee is also belied by evidence to the contrary that plaintiff had satisfied its duty to complete and deliver the film and that the lender had not asserted any claims.

There is merit, however, to defendants' argument that the Supreme Court was not warranted in granting summary

judgment on plaintiff's second and third causes of action for fraud and conspiracy, respectively. A cause of action for fraud in inducing a contract "cannot be based solely upon a failure to perform contractual promises of future acts" *(C.B. Western Fin. Corp. v Computer Consoles,* 122 AD2d 10, 12; *see also, Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607, *appeal dismissed* 65 NY2d 637). In effect, the second cause of action for fraud is redundant of the first cause of action since an allegation of fraud relating only to a breach of contract must be enforced by an action on the contract *(Tesoro Petroleum Corp. v Holborn Oil Co., supra; Wegman v Dairylea Coop.,* 50 AD2d 108, *lv dismissed* 38 NY2d 918). As for the third cause of action for conspiracy, the law is settled that corporate officers or agents cannot be held liable for conspiring to induce a breach of the corporation's contract where, as is the situation herein, there is no indication that the individual defendant, Beauclair Rogers, acted in bad faith and outside of his authority *(see, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913). Indeed, in the absence of evidence, not here present, that the officer or agent of a corporation acted fraudulently or in bad faith, such person is immune from personal liability for damages for breach of contract executed in the scope of his employment or agency *(Murtha v Yonkers Child Care Assn., supra; Consolidated Charcoal Co. v Tele-Star Media Corp.,* 119 AD2d 791). Accordingly, it was error to direct that judgment be entered against defendant Rogers in his individual capacity.

Finally, it should be noted that the Supreme Court appropriately rejected defendants' contention that the complaint should be dismissed on the ground of forum non conveniens. Nearly all of the relevant transactions involved herein occurred in New York and, as such, should properly be adjudicated in New York *(Ehrlich-Bober & Co. v University of Houston,* 49 NY2d 574). Not only is plaintiff a New York corporation and work on the film was performed in this State, but the guarantee and refund agreement was primarily negotiated and executed in New York. In addition, directives concerning payment of the initial premium to Entertainment Guarantees came from New York and a second payment was delivered to and cashed by Rogers in New York. While defendant corporation may be a British company, it is clear that New York has a much closer nexus to the instant dispute than does London, England. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.