■ SUZUKI MUSICAL INSTRUMENT CORP., Respondent, v CCA DISTRIBUTORS, INC., Also Known as CCA DISTRIBUTING CORP., Appellant.—Judgment, Supreme Court, New York County (David B. Saxe, J.), entered on or about July 31, 1989, granting plaintiff's motion for summary judgment (CPLR 3212) against defendant in the sum of $231,474.62 plus interest, unanimously affirmed with costs.

In January 1988, defendant sent plaintiff a purchase order for 200 guitars and other items which plaintiff agreed to ship in two installments. When more than 30 days elapsed from the date of the first shipment without any payment, plaintiff determined defendant had breached its contract, sold the unshipped goods on a salvage basis and commenced action for the price of goods sold by it to defendant. After issue was joined, plaintiff successfully moved for summary judgment.

We find no merit to defendant's contention that summary judgment was improperly granted to plaintiff.

Plaintiff's moving papers, which included various commercial documents concerning the sale of the musical instruments, demonstrated entitlement to summary judgment in its favor as a matter of law. Defendant, on the contrary, failed to present sufficient evidentiary proof to require a trial of any material issue of fact. *(See, Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967.)

Generally, where a written agreement between two sophisticated businessmen is unambiguous on its face, one party may not defeat summary judgment by a conclusory assertion that, owing to fraud, the writing did not express its own understanding of the oral agreement reached or discussed during negotiations. *(See, e.g., Chimart Assocs. v Paul,* 66 NY2d 570.) In the hopes of creating a material issue of fact, defendant relied on the unsubstantiated claim that it was induced to enter into the contract by plaintiff's assertion that the subject goods were sold on "sale or return" basis *(see,* UCC 2-326 [4]) and the promise of assistance in marketing the items. The commercial documents fail to include any provision that any unsold merchandise could be returned to plaintiff seller. No proof was adduced as to prior dealings between the parties, or custom and usage in the trade, that the transaction in this case was in the nature of a "sale or return" transaction *(see, e.g., Consolidated Charcoal Co. v Tele-Star Media Corp.,* 119 AD2d 791). Moreover, no request for marketing assistance was ever made to plaintiff by defendant. Under these circumstances the mere hope by defendant that it might uncover some evidence during the discovery process was insufficient to defeat the motion for summary judgment. *(See, Jones v Gameray,* 153 AD2d 550.) Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.