■ HARRY KOLOMICK CONTRACTORS, INC., Respondent, v SHELTER ROCK ESTATES, INC., et al., Appellants.—In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (Becker, J.), dated August 8, 1989, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $2,780.

Ordered that the judgment is modified by (1) deleting the provision thereof granting the plaintiff judgment against the defendant Allan Hochman, and (2) deleting the provision thereof granting interest on the judgment from May 27, 1986, and substituting therefor a provision granting interest from June 23, 1988; as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff and the defendant corporation entered into an oral agreement whereby the plaintiff would deliver 800 yards of excess "fill" to the defendant's job site. Although the defendant corporation sent an employee to inspect the fill prior to agreeing to accept delivery, the fill was rejected by the defendant upon delivery by the plaintiff.

We agree with the trial court's finding that the defendant corporation is liable for damages to the plaintiff in the amount of $2,780, representing expenses incurred by the plaintiff in performing its part of the contract (see, Lieberman v Templar Motor Co., 236 NY 139, 149; Kaiser v Fishman, 138 AD2d 456, 459; 36 NY Jur 2d, Damages, § 88). However, we disagree with the entry of judgment against the defendant Alan Hochman individually. "[A]n agent for a disclosed principal 'will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal' " (Savoy Record Co. v Cardinal Export Corp., 15

NY2d 1, 4, quoting *Mencher v Weiss*, 306 NY 1, 4; *see also, Consolidated Charcoal Co. v Tele Media Corp.*, 119 AD2d 791). Since there was no testimony presented that would indicate that Hochman contracted with the plaintiff on behalf of himself individually, we find him not to be personally liable *(see, Gottehrer v Viet-Hoa Co.*, 170 AD2d 648).

We also agree with the trial court's denial of the defendants' motion to bar the plaintiff from calling a witness at trial who was not called at a mandatory arbitration proceeding (22 NYCRR part 28 *et seq.)* prior to trial. Following arbitration, "[d]emand may be made by any party not in default for a trial de novo" (22 NYCRR 28.12 [a]). Since the plaintiff had appeared at the arbitration proceeding and produced one witness who gave testimony sufficient to make out a prima facie case of breach of contract, the plaintiff did not default at arbitration or proceed in bad faith. There being no statutory or case authority which would otherwise prevent the plaintiff from calling an additional witness at trial following an arbitration proceeding, the court's ruling was proper.

Finally, the trial court awarded the plaintiff interest from the date it actually incurred damages, June 23, 1988 *(see,* CPLR 5001 [b]). However, the judgment entered thereon awarded interest from the date of the breach, May 27, 1986. Since the trial court's determination was correct, the judgment must be modified to reflect the later date. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.