■ GOLDSTAR SMOKED FISH, INC., Respondent, v GREENFIELD PARTNERS et al., Defendants, and LEONARD SCHWALB, Appellant. [614 NYS2d 559] —In an action to recover damages, *inter alia,* for breach of contract, the defendant Leonard Schwalb appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated November 13, 1992, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion is granted, the complaint is dismissed insofar as it is asserted against Leonard Schwalb, and the action against the remaining defendants is severed.

It is well settled that, when an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of contract unless there is clear and explicit evidence of the agent's intention to be personally bound *(see, Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1, 4; *Mencher v Weiss,* 306 NY 1, 4; *Walz v Todd & Honeywell,* 195 AD2d 455; *Kolomick Contrs. v Shelter Rock Estates,* 172 AD2d 492; *Mastropieri v Solmar Constr. Co.,* 159 AD2d 698).

In the present case, Leonard Schwalb, an officer of the defendant V.W. Investors, Inc., which is the corporate general partner of the defendant Greenfield Partners, presented documentary evidence and affidavits from persons with knowledge of the relevant facts (1) that he had been empowered to and had, in fact, accepted $85,000 from the plaintiff for the purchase of a certain quantity of goods solely in his capacity as an agent for Greenfield Partners and (2) that he had given the $85,000 to Greenfield Partners after the transaction in question. Contrary to the Supreme Court's conclusion, the plaintiff failed to present evidentiary proof in admissible form to rebut either of these showings by Schwalb. Accordingly, we reverse, grant summary judgment to Schwalb, and dismiss the complaint insofar as it is asserted against him *(see, Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.