Dahlen Kok Han Wee v Best Buy Co., Inc. (2024 NY Slip Op 05909)

Dahlen Kok Han Wee v Best Buy Co., Inc.

2024 NY Slip Op 05909

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 101746/17 Appeal No. 3118 Case No. 2022-05017 

[*1]Dahlen Kok Han Wee, Plaintiff-Appellant,
v
Best Buy Co., Inc., Defendant-Respondent.

Norman A. Olch, New York, for appellant.
Rosenbaum & Taylor, P.C., White Plains (Scott P. Taylor of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered October 4, 2022, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion to the extent it sought dismissal of the claims based on negligence and negligent hiring, supervision, and retention, and otherwise affirmed, without costs.
Plaintiff alleges that in December 2014, two delivery men wearing "Best Buy" shirts delivered and installed a television she purchased from one of defendant's stores. According to the allegations in the complaint, one of the delivery men grabbed plaintiff, kissed her, pulled her hair, exposed his genitals to her, and forced her head towards his genitals. Plaintiff asserted claims for negligent hiring, supervision, and retention of its employees; general negligence; breach of contract; and punitive damages.
Supreme Court should have denied defendant's motion to the extent it sought dismissal of the general negligence and negligent hiring, supervision, and retention claims. The affidavit of defendant's senior manager, submitted in support of its motion, did not offer a sufficient basis to conclude that defendant's employees were not involved in the delivery to plaintiff's home. Indeed, the senior manager did not begin employment in that position until 2021, seven years after the delivery (see Matter of New York City Asbestos Litig., 123 AD3d 498, 499 [1st Dept 1998]). Moreover, the senior manager's conclusion that the alleged tortfeasor was an agent or employee of an independent contractor was based on a review of a delivery services contract. However, that contract was not attached to the initial moving papers, and therefore could not form the basis for an award of summary judgment (see Residential Credit Solutions, Inc. v Gould, 171 AD3d 638, 638-639 [1st Dept 2019]). Supreme Court also improperly based its dismissal on documentary evidence that defendant submitted for the first time in its reply papers (see Hoffman v Taubel, 208 AD3d 1099, 1101 [1st Dept 2022]).
Supreme Court correctly granted the motion to the extent it sought dismissal of the breach of contract claim. Neither party disputes that defendant agreed to deliver and install a television that plaintiff purchased from one of defendant's stores, and that the television was delivered to and installed in plaintiff's apartment (see Manhattan Film, Inc. v Entertainment Guars., 156 AD2d 152, 153 [1st Dept 1989]).
Plaintiff's appeal from the dismissal of the punitive damages claim is deemed abandoned since she failed to address it in her appellate brief (see Hardwick v Auriemma, 116 AD3d 465, 468 [1st Dept 2014], lv denied 23 NY3d 908 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024