■ Aaron Richard Golub, Appellant, v Tanenbaum-Harber Co., Inc., Respondent. [931 NYS2d 308]—

Supreme Court properly granted the motion to dismiss the complaint. Affording the complaint a liberal construction and according plaintiff the benefit of every possible inference, as we must (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we find that plaintiff failed to sufficiently plead causes of action for fraudulent inducement, unjust enrichment and violation of General Business Law § 349.

Plaintiff's claims for fraudulent inducement are based on defendant's alleged failure to provide plaintiff with certain information relating to the insurance policies it was offering. However, an omission does not constitute fraud unless there is a fiduciary or "special" relationship between the parties (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 46 AD3d 400, 402 [2007], *affd* 12 NY3d 553 [2009]) and plaintiff did not allege in the original complaint the existence of a fiduciary relationship or special relationship which would give rise to a duty to disclose. In any event, "an insurance agent has a common-law duty to obtain requested coverage, but generally not a continu-

ing duty to advise, guide or direct a client based on a special relationship of trust and confidence" (*Chase Scientific Research v NIA Group*, 96 NY2d 20, 30 [2001]; *see also Murphy v Kuhn*, 90 NY2d 266, 270 [1997]).

In addition, with regard to plaintiff's Long Island property, the documentary evidence established that plaintiff affirmatively requested wind coverage in his homeowners' insurance applications from 2005 through 2008, and did not decide to forego such coverage until 2009, at which time defendant had him complete an application declining such coverage despite the proximity of his LI property to the water. At that time, he was given a policy without wind coverage. Of course, plaintiff is "presumed to have read and understood his policy" (*see McGarr v Guardian Life Ins. Co. of Am.*, 19 AD3d 254, 256 [2005]), and thus the documentary evidence defeats the claim that plaintiff did not know the policy included wind coverage or that he was fraudulently induced into agreeing to wind coverage.

As for plaintiff's claim under General Business Law § 349, he failed to allege in the complaint the type of conduct that would have a broad impact on consumers at large (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]) and his conclusory allegations about defendant's practices with other clients are insufficient to save the claim (*see Northwestern Mut. Life Ins. Co. v Wender*, 940 F Supp 62, 65 [SD NY 1996]). The unjust enrichment claim was also properly dismissed, as it was merely based on the three previous claims, each of which failed to state a cause of action.

Supreme Court also properly denied the cross motion for leave to amend the complaint, as the proposed amendments were plainly lacking in merit (*see Sharon Ava & Co. v Olympic Tower Assoc.*, 259 AD2d 315 [1999]). First, there is no merit to the proposed amendment to the unjust enrichment claim based on Insurance Law § 2123, which does not apply to the homeowners' insurance policies at issue. Nor is there any merit to plaintiff's proposed breach of fiduciary duty claims or his proposed changes to his fraudulent inducement claims, since defendant had no fiduciary duty or special relationship with plaintiff.

The proposed breach of contract claims are barred by the parol evidence rule, since the terms of the insurance contract and applications here are unambiguous (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 33 [2002]). In addition, plaintiff erroneously suggests that a contract was formed when he requested that defendant procure the least expensive policies. Indeed, when plaintiff requested that defendant procure

insurance quotes, he was submitting a request for an offer, which cannot be the basis for a enforceable contract since a further act was required in order for the contract to take effect (*see Farago Adv., Inc. v Hollinger Intl., Inc.*, 157 F Supp 2d 252, 258 [SD NY 2001]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Acosta, Freedman and Manzanet-Daniels, JJ.