■ Jorge S. Camacho, M.D., Appellant, v IO Practiceware, Inc., Respondent. [24 NYS3d 279]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about November 5, 2014, which, to the extent appealed from, denied plaintiff's motion to amend the complaint to add a new plaintiff, and granted defendant's motion to dismiss causes of action in the amended complaint for fraud, intentional misrepresentation, negligent misrepresentation, deceptive business practices under General Business Law § 349, and unjust enrichment, unanimously affirmed, without costs.

The court correctly denied plaintiff's motion to amend to the extent plaintiff sought to add Eye Consultants of Texas, P.A. (ECT) as a plaintiff. Defendant IO Practiceware Inc.'s (IO) contract with ECT had a forum-selection clause providing that the exclusive venue for any dispute between IO and ECT would be the district courts of Tarrant County, Texas, and that Texas law would apply. Plaintiff failed to demonstrate that the enforcement of the forum-selection clause " 'would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court' " (*Sterling Natl. Bank v Eastern Shipping Worldwide, Inc.*, 35 AD3d 222, 222 [1st Dept 2006]; *Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]).

With respect to plaintiff's causes of action as set forth in his amended complaint, plaintiff failed to plead his causes of action for fraud and intentional misrepresentation with sufficient specificity, and they are duplicative of his claim for breach of contract (CPLR 3016 [b]; *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Trusthouse Forte [Garden City] Mgt. v Garden City Hotel*, 106 AD2d 271, 272 [1st Dept 1984]). Plaintiff failed to allege specific facts establishing a "special relationship" sufficient to state a claim for negligent misrepresentation (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180 [2011]). Plaintiff's conclusory allegations regarding the effect on consumers at large are insufficient to sustain the cause of action under General Business Law § 349 because this is essentially a private contract dispute relating to the specific facts at hand (*Golub v Tanenbaum-Harber Co., Inc.*, 88 AD3d 622, 623 [1st Dept 2011], *lv denied* 19 NY3d 806 [2012]; *Northwestern Mut. Life Ins. Co. v Wender*, 940 F Supp 62, 65 [SD NY

1996]). Finally, given that there is a written contract covering the dispute at issue, plaintiff's claim for unjust enrichment is duplicative of his cause of action for breach of contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.