■ RICHARD J.J. SCAROLA, Respondent, v VERIZON COMMUNICATIONS, INC., Appellant. [45 NYS3d 464]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 26, 2016, which, insofar as appealed from, denied defendant's motion to dismiss the cause of action under General Business Law § 349, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

The complaint fails to allege any of the three elements of a claim under General Business Law § 349 (*see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]). First, the challenged conduct, i.e., defendant's continuing to bill plaintiff for telecommunications services, and harassing him for payment, after the relevant account was closed, was not consumer-oriented. The account was a business, not a consumer, account. Nor did defendant's conduct have "a broader impact on consumers at large" (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *Cruz v NYNEX Info. Resources*, 263 AD2d 285, 290 [1st Dept 2000] ["The statute's consumer orientation does not preclude its application to disputes between businesses per se, but it does severely limit it"]). Plaintiff's conclusory allegations as to the effect of the conduct on other consumers are insufficient to transform a private dispute into conduct with further-reaching impact (*see Camacho v IO Practiceware, Inc.*, 136 AD3d 415 [1st Dept 2016]; *Golub v Tanenbaum-Harber Co., Inc.*, 88 AD3d 622, 623 [1st Dept 2011], *lv denied* 19 NY3d 806 [2012]).

Second, the continued billing after termination of the account was not deceptive or materially misleading, because it was clearly in error and not "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego*, 85 NY2d at 26).

Third, plaintiff does not allege that he was injured as a result of defendant's alleged deceptive acts. While he was not required to plead reliance, plaintiff was required to allege that he was deceived (*see id.*). The complaint does not so allege. Concur—Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ.