# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**20**

**CA 16-00334**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

SWORMVILLE FIRE COMPANY, INC.,
PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

K2M ARCHITECTS P.C., DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

HARTER, SECREST & EMERY LLP, ROCHESTER (MICHAEL A. DAMIA OF COUNSEL),
FOR DEFENDANT-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 21, 2015.  The order, insofar as appealed from, granted in part plaintiff's motion for partial summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and plaintiff's motion is denied in its entirety.

Memorandum:  Plaintiff commenced this action alleging, among other things, that K2M Architects, P.C. (defendant) breached its contract to provide professional architectural services to plaintiff by improperly designing various features of plaintiff's new fire station.  On appeal, defendant contends that Supreme Court erred in granting that part of plaintiff's motion seeking partial summary judgment against defendant for breach of contract as a result of its failure to design a fire wall for the fire station that complied with the requirements of the 2002 New York State Building Code (Code).  We agree with defendant that the court should have denied plaintiff's motion in its entirety, based upon plaintiff's failure to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although plaintiff established that its expert was qualified to render the opinions set forth in his affidavit (*see Matott v Ward*, 48 NY2d 455, 459; *Blandin v Marathon Equip. Co.*, 9 AD3d 574, 575), he failed to support his conclusory assertion that a fire wall was required with citation to applicable provisions of the Code and otherwise merely speculated with respect to whether the designed wall was required to comply with the provisions governing the construction of fire walls (*see Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 8-9; *Igbodudu-Edwards v Board of Mgrs. of the Parkchester N. Condominium*,

*Inc.*, 105 AD3d 448, 449; *Fitzgerald v Sears, Roebuck & Co.*, 17 AD3d 522, 523). Even assuming, arguendo, that plaintiff met its initial burden, we nonetheless conclude that defendant raised triable issues of fact sufficient to defeat the motion by submitting the affidavit of its expert (*see generally Zuckerman*, 49 NY2d at 562). The conflicting affidavits of the parties' experts with respect to the applicability of the subject provisions of the Code under the facts of this case and defendant's compliance therewith present issues of credibility that cannot be resolved on a motion for summary judgment (*see Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756; *Slomin v Skaarland Constr. Corp.*, 207 AD2d 639, 641; *see generally Haas v F.F. Thompson Hosp., Inc.*, 86 AD3d 913, 914). In light of our determination, we see no need to address defendant's remaining contention.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court