TJJK Props., LLC v A.E.Y. Eng'g, D.P.C. (2020 NY Slip Op 04683)





TJJK Props., LLC v A.E.Y. Eng'g, D.P.C.


2020 NY Slip Op 04683


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


465 CA 19-01648

[*1]TJJK PROPERTIES, LLC, PLAINTIFF-RESPONDENT,
v
A.E.Y. ENGINEERING, D.P.C., AND MICHAEL G. YOUNG, DEFENDANTS-APPELLANTS. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (BRITTANY L. HANNAH OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (GLENN E. PEZZULO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered August 12, 2019. The order, among other things, denied in part the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the determination that plaintiff asserted a malpractice claim and that the motion should be denied with respect thereto and granting those parts of the motion for summary judgment dismissing the second and third causes of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff entered into a contract with defendant A.E.Y. Engineering, D.P.C. (AEY) pursuant to which AEY agreed to prepare a site plan for a campground on property plaintiff was developing (property). Defendant Michael G. Young owns a 25% share of AEY. Plaintiff awarded its site work contract to nonparty Affronti Excavating and Trucking, LLC, which discovered that the topography of the site plan differed from the actual conditions on the property. Plaintiff believed that AEY's site plan was inaccurate, resulting in additional costs and delaying the opening of the campground. Consequently, plaintiff commenced this action to recover damages sustained as a result of defendants' alleged breach of contract, fraudulent misrepresentation, and negligent misrepresentation. Defendants thereafter moved for summary judgment dismissing the complaint. In its order, Supreme Court, sua sponte, determined that the breach of contract cause of action "also appears to sound in malpractice" and granted the motion with respect to the breach of contract claim against Young. The court otherwise denied the motion, including with respect to any malpractice claim against defendants. Defendants appeal.
We agree with defendants that plaintiff did not assert a malpractice claim. Plaintiff asserted three causes of action sounding only in breach of contract, fraudulent misrepresentation, and negligent misrepresentation. Additionally, in opposing defendants' motion, plaintiff did not argue that it had a malpractice claim. Consequently, we modify the order by vacating the determination that plaintiff asserted a malpractice claim and that the motion should be denied with respect thereto (cf. Denhaese v Buffalo Spine Surgery, PLLC, 144 AD3d 1519, 1520 [4th Dept 2016]).
Contrary to defendants' contention, the court properly denied the motion with respect to the breach of contract cause of action against AEY. Although defendants met their initial burden on the motion with respect to that cause of action against AEY (see Junger v John V. Dinan Assoc., Inc., 164 AD3d 1428, 1430 [2d Dept 2018]), plaintiff raised triable issues of fact by submitting the joint expert affidavit of a civil engineer and a certified code enforcement officer (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The conflicting opinions in the affidavits of the parties' experts regarding, inter alia, whether AEY's site plan [*2]omitted key elements that are typically included in such plans and whether AEY was obligated and failed to verify whether the topographic map it relied on reflected the actual conditions at the property cannot be resolved on a motion for summary judgment (see Junger, 164 AD3d at 1430; Swormville Fire Co., Inc. v K2M Architects P.C., 147 AD3d 1310, 1311 [4th Dept 2017]; see also Mary Imogene Bassett Hosp. v Cannon Design, Inc., 84 AD3d 1524, 1527 [3d Dept 2011]).
We agree with defendants, however, that the court erred in denying their motion with respect to the fraudulent and negligent misrepresentation causes of action inasmuch as those causes of action are duplicative of the breach of contract cause of action. We therefore further modify the order accordingly. Here, plaintiff's causes of action for fraudulent and negligent misrepresentation "are not separate and apart" from its breach of contract cause of action inasmuch as they "are predicated upon precisely the same purported wrongful conduct" alleged in the breach of contract cause of action (OP Solutions, Inc. v Crowell & Moring, LLP, 72 AD3d 622, 622 [1st Dept 2010]). Indeed, all three causes of action are based upon the primary allegations that the site plan provided by AEY was inaccurate, incomplete, misrepresented the conditions actually existing on the property, and contained other serious defects (see Sestito v David L. Vickers & Sons, 175 AD3d 955, 956 [4th Dept 2019]; Muncil v Widmir Inn Rest. Corp., 155 AD3d 1402, 1404-1405 [3d Dept 2017]; Tra-Lin Corp. v Empire Beef Co., Inc., 113 AD3d 1141, 1141-1142 [4th Dept 2014]).
We have reviewed defendants' remaining contentions and conclude that none warrants reversal or further modification of the order.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court