Atsco Footwear Holdings, LLC v KBG, LLC (2021 NY Slip Op 02235)





Atsco Footwear Holdings, LLC v KBG, LLC


2021 NY Slip Op 02235


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 654336/18 Appeal No. 13581 Case No. 2020-02290 

[*1]Atsco Footwear Holdings, LLC Formerly Known as Atsco Footwear, LLC, Plaintiff-Appellant,
v
KBG, LLC, Defendant-Respondent.


Arnold & Porter Kaye Scholer LLP, New York (James M. Catterson of counsel), for appellant.
Proskauer Rose LLP, New York (Peter J.W. Sherwin of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 14, 2020, which granted defendant's CPLR 3211(a)(1) and (7) motion to dismiss the complaint to the extent it alleged breach of a "Management Agreement" for failure to properly calculate "Net Gross Profits" for the 2013 through 2016 calendar years, and for failure to include certain management fees and royalty fees in the calculation of "Net Gross Profits," unanimously affirmed, with costs.
The letters and emails submitted by defendant establishes that plaintiff's principals "knowingly, voluntarily and intentionally" (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]) waived their contractual right to audit the "Computation Statements" setting forth the Net Gross Profits calculations during the relevant calendar years. Further, such correspondence constitutes "documentary evidence" that "utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see also Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432-433 [1st Dept 2014]).
Contrary to plaintiff's contention, its audit right and right to a proper calculation of Net Gross Profits were not "separate and distinct" such that the waiver of the former did not amount to relinquishment of the latter. The purpose of the audit right was to allow plaintiff to verify whether Net Gross Profits were properly calculated. Thus, by waiving the audit rights, plaintiff was also waiving its right to challenge the calculation. We reject plaintiff's contention that its failure to invoke the audit procedure set forth in the Management Agreement does not bar it from now challenging the Net Gross Profits calculations. Acceptance of such a contention would render the contractual procedure for challenging the calculations meaningless (see Beal Savings Bank v Sommer, 8 NY3d 318, 324 [2007]; RM 14 FK Corp. v Bank One Tr. Co., N.A., 37 AD3d 272, 274 [1st Dept 2007]). Plaintiff's contention that its waivers were "inoperable" because they "took place before [it] knew the full extent of KBG's breach of the Management Agreement" is circular, as the whole point of the audit right was to enable plaintiff to verify whether the Net Gross Profits were properly calculated.
Defendant could properly invoke the account stated doctrine as a defense to plaintiff's breach of contract claim, in view of plaintiff's express waiver of its audit rights and acquiescence to defendants' calculations, and acceptance of payments (see An-Jung v Rower LLC, 173 AD3d 488 [1st Dept 2019]; York Hunter Servs., Inc. v Brooklyn Historical Socy., 14 Misc 3d 1216[A], 2007 NY Slip Op 50042[U], *3 [Sup Ct, Kings County 2007]). The parties' agreements as to the correctness of the amounts due were independent of the underlying Management Agreement (cf. Federated Fire Protection Sys. Corp. v 56 Leonard St., [*2]LLC, 170 AD3d 432, 433 [1st Dept 2019]). Plaintiff's contention that defendant's reliance on the account stated doctrine is barred if "fraud, mistake, or other equitable considerations are shown" (Cushman & Wakefield, Inc. v Kadmon Corp., LLC, 175 AD3d 1141, 1142 [1st Dept 2019]) is unavailing, as plaintiff could have discovered any fraud or mistake had it not waived its audit rights.
The court properly determined, as a matter of law, that the "management fees that KBG was paid by its affiliates" and "royalty fees that KBG paid to its affiliate, KBG-IP, LLC" (Royalty Fees) were excludable from the calculation of Net Gross Profits. These fees do not constitute "revenue" within the contract's definition of "Net Gross Profits." The management fees are clearly unrelated to defendant's business of importing, marketing, distributing, or selling its branded footwear. The royalty fees are not revenue to defendant, but to a separate entity formed for the purpose of holding and owning certain trademarks. In any event, the inclusion of royalty fees would be duplicative, as they are fees paid out of revenues that defendant had earned from its use of the trademarks, which were already factored into the Net Gross Profits calculations.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021