Jakes-Johnson v Gottlieb (2021 NY Slip Op 07403)





Jakes-Johnson v Gottlieb


2021 NY Slip Op 07403


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


976 CA 21-00287

[*1]PHILIP JAKES-JOHNSON AND BENJAMIN JAKES-JOHNSON, PLAINTIFFS-RESPONDENTS,
v
ROBERT C. GOTTLIEB, ESQ., AND GOTTLIEB & JANEY, LLP, DEFENDANTS-APPELLANTS. 






TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, HAWTHORNE (J. PATRICK CARLEY, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
THE REHFUSS LAW FIRM, P.C., LATHAM (STEPHEN J. REHFUSS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered January 25, 2021. The order, among other things, denied the motion of defendants to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the second through seventh causes of action in the amended complaint, and as modified, the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover monetary damages, alleging that defendants overcharged for legal services provided to plaintiff Benjamin Jakes-Johnson for their representation of him in a federal criminal prosecution. In their complaint, plaintiffs asserted causes of action for breach of contract, negligent misrepresentation, fraud, quantum meruit, unjust enrichment, and breach of fiduciary duty. In lieu of an answer, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). While defendants' motion was pending, plaintiffs cross-moved for leave to amend the complaint. Plaintiffs' proposed amended complaint included a seventh cause of action, alleging a violation of General Business Law § 349. Supreme Court denied the motion and granted the cross motion. Defendants now appeal.
Contrary to defendants' contention, the court properly denied the motion insofar as it sought dismissal of the first cause of action, for breach of contract. "[I]mplicit in every contract is a covenant of good faith and fair dealing" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; see Paramax Corp. v VoIP Supply, LLC, 175 AD3d 939, 940 [4th Dept 2019]). The covenant "encompasses any promise that a reasonable promisee would understand to be included" (New York Univ., 87 NY2d at 318), and "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995] [internal quotation marks omitted]; see Paramax Corp., 175 AD3d at 940). Accepting the facts as alleged in the amended complaint as true, as we must, and affording plaintiffs the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that plaintiffs sufficiently alleged a breach of the implied covenant of good faith and fair dealing. We further conclude that plaintiffs also sufficiently alleged a breach of the express terms of the subject retainer agreement (see generally Alloy Advisory, LLC v 503 W. 33rd St. Assoc., Inc., 195 AD3d 436, 436 [1st Dept 2021]; Barrett v Grenda, 154 AD3d 1275, 1277 [4th Dept 2017]).
In reaching these conclusions, we reject defendants' contention that, because plaintiffs paid defendants' legal bills without objection, plaintiffs' first cause of action is barred by the [*2]doctrine of account stated (see generally Atsco Footwear Holdings, LLC v KBG, LLC, 193 AD3d 493, 494-495 [1st Dept 2021]; An-Jung v Rower LLC, 173 AD3d 488, 488 [1st Dept 2019]). "[W]here an account is rendered showing a balance, the party receiving it must, within a reasonable time, examine it and object, if he disputes its correctness. If he omits to do so, he will be deemed by his silence to have acquiesced, and will be bound by it as an account stated, unless fraud, mistake or other equitable considerations are shown" (Cushman & Wakefield, Inc. v Kadmon Corp., LLC, 175 AD3d 1141, 1142 [1st Dept 2019]; see Chisholm-Ryder Co. v Sommer & Sommer, 70 AD2d 429, 431 [4th Dept 1979]). Here, we conclude that plaintiffs alleged sufficient equitable considerations.
We agree with defendants, however, that the remaining causes of action in the amended complaint must be dismissed. Plaintiffs' cause of action for breach of fiduciary duty is duplicative of the breach of contract cause of action (see Alfred-Almond Cent. Sch. Dist. v NY44 Health Benefits Plan Trust, 175 AD3d 1010, 1011 [4th Dept 2019]; An-Jung, 173 AD3d at 488; cf. Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., LLC, 176 AD3d 1596, 1597-1598 [4th Dept 2019]). Likewise, insofar as the causes of action for negligent misrepresentation and fraud are "predicated upon precisely the same purported wrongful conduct alleged in the breach of contract cause of action," i.e., the alleged misrepresentations in defendants' billing statements, they are also duplicative (TJJK Props., LLC v A.E.Y. Eng'g D.P.C., 186 AD3d 1080, 1082 [4th Dept 2020] [internal quotation marks omitted]; see OP Solutions, Inc. v Crowell & Moring, LLP, 72 AD3d 622, 622 [1st Dept 2010]). To the extent that the negligent misrepresentation and fraud causes of action are based on defendants' alleged misrepresentations to induce plaintiff Philip Jakes-Johnson to sign the retainer agreement (see Emby Hosiery Corp. v Tawil, 196 AD3d 462, 464 [2d Dept 2021]), we conclude that defendants' statements do not constitute a misrepresentation of a present fact. Rather, they are nonactionable statements of prediction or expectation (see ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC, 50 AD3d 397, 398 [1st Dept 2008]).
Plaintiffs' causes of action for quantum meruit and unjust enrichment are precluded by the existence of the valid and enforceable retainer agreement (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; Hagman v Swenson, 149 AD3d 1, 7 [1st Dept 2017]). To the extent that plaintiffs contend that those causes of action survive with respect to Benjamin Jakes-Johnson, who did not sign the retainer agreement, we reject that contention inasmuch as defendants were not allegedly enriched at his expense (see generally GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570 [2d Dept 2015]) and there was no performance of any kind on his part (see generally Evans-Freke v Showcase Contr. Corp., 85 AD3d 961, 962 [2d Dept 2011], lv denied 18 NY3d 811 [2012]).
Finally, we conclude that plaintiffs' cause of action for a violation of General Business Law § 349 must be dismissed because plaintiffs' dispute with defendants is private in nature and does not "concern consumer-oriented conduct aimed at the public at large" (Haygood v Prince Holdings 2012 LLC, 186 AD3d 1157, 1158 [1st Dept 2020]). Plaintiffs' "conclusory allegations as to the effect of [defendants'] conduct on other consumers are insufficient to transform a private dispute into conduct with further-reaching impact" (Scarola v Verizon Communications, Inc., 146 AD3d 692, 693 [1st Dept 2017]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court