Marinaccio v Town of Clarence (2023 NY Slip Op 02261)

Marinaccio v Town of Clarence

2023 NY Slip Op 02261

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

964 CA 21-01323

[*1]PAUL MARINACCIO, SR., PLAINTIFF-RESPONDENT,
v
TOWN OF CLARENCE, DEFENDANT-APPELLANT. 

WEBSTER SZANYI LLP, BUFFALO (MICHAEL P. MCCLAREN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered July 21, 2021. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: The facts and procedural history of this case are set forth in our decisions on the prior appeals (Marinaccio v Town of Clarence, 90 AD3d 1599 [4th Dept 2011], revd 20 NY3d 506 [2013], rearg denied 21 NY3d 976 [2013]; Marinaccio v Town of Clarence, 151 AD3d 1784 [4th Dept 2017], lv dismissed 30 NY3d 1039 [2017]). Defendant now appeals from an order that, inter alia, denied its motion seeking summary judgment dismissing the complaint and partial summary judgment on its counterclaims. We affirm.
As a preliminary matter, we agree with defendant that the doctrine of law of the case does not preclude its contentions on this appeal (see Freeland v Erie County, 204 AD3d 1465, 1466 [4th Dept 2022]).
We conclude, however, that defendant failed to meet its burden of establishing entitlement to judgment as a matter of law with respect to the causes of action for breach of contract and for recovery of attorney's fees arising from the alleged breach of contract. "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Wilsey v 7203 Rawson Rd., LLC, 204 AD3d 1497, 1498 [4th Dept 2022]). Here, the parties do not dispute that a contract existed, i.e., a settlement agreement that, inter alia, obligated plaintiff to deed certain property to defendant and obligated defendant to construct a drainage ditch on the deeded property for the purpose of draining storm water from a subdivision, and that plaintiff performed under the contract. In support of the motion, defendant submitted evidence that it constructed a drainage ditch on the deeded property and that the contract contained no specific standards or specifications for the construction of the drainage ditch. Defendant also submitted, however, the deposition testimony of plaintiff, a highway construction contractor with storm sewer and ditch construction experience, that the drainage ditch was improperly graded and not large enough for its intended purpose of diverting storm water from the subdivision without flooding plaintiff's property. Thus, notwithstanding the absence of specific terms in the contract describing defendant's performance, defendant's own submissions raise questions of fact whether defendant breached an implied promise to perform the contract in a skillful and workmanlike manner (see Rush v Swimming Pools by Jack Anthony, Inc., 98 AD3d 728, 729-730 [2d Dept 2012]; see generally TJJK Props., LLC v A.E.Y. Eng'g, D.P.C., 186 AD3d 1080, 1081-1082 [4th Dept 2020]).
We further conclude that defendant failed to meet its burden for summary judgment on its [*2]counterclaims against plaintiff for breach of contract, trespass, and nuisance, which are based on allegations that plaintiff constructed furrows that drained into the ditch, inasmuch as defendant's own submissions raised issues of fact. With respect to the breach of contract and trespass counterclaims, defendant submitted plaintiff's deposition testimony in which he testified that he never created the furrows allegedly connecting to the ditch and, to the extent that he did construct furrows, doing so did not constitute a breach of the contract or a trespass because he did so with the consent of defendant (see generally Pearl St. Parking Assoc. LLC v County of Erie, 207 AD3d 1029, 1031-1032 [4th Dept 2022]). Moreover, defendant failed to submit any evidence that plaintiff interfered with defendant's right to use and enjoy its property, i.e., the deeded property upon which it was to construct a drainage ditch, which is an element of the nuisance counterclaim (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977], rearg denied 42 NY2d 1102 [1977]).
We have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the order.
All concur except Peradotto, J., who concurs on constraint of Marinaccio v Town of Clarence (151 AD3d 1784 [4th Dept 2017], lv dismissed 30 NY3d 1039 [2017]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court