Brown v Over the Top Roofing, LLC (2024 NY Slip Op 03625)

Brown

2024 NY Slip Op 03625

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, KEANE, AND HANNAH, JJ.

361 CA 23-00713

[*1]MARC BROWN AND DEANNA BROWN, PLAINTIFFS-RESPONDENTS,
v
OVER THE TOP ROOFING, LLC, DEFENDANT-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (VICTOR L. PRIAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
GILLETTE & IZZO LAW OFFICE, PLLC, SYRACUSE (JANET M. IZZO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

Appeal from an order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered April 19, 2023. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this breach of contract action against defendant alleging that it failed to perform work on their home in a skillful and workmanlike manner. The underlying work was performed pursuant to two home improvement contracts, one for a new roof and the other for siding. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and defendant now appeals. We affirm.
Contrary to defendant's contention, and notwithstanding the absence of any specific provisions in the contracts describing defendant's performance, defendant's own submissions raise questions of fact whether it breached the implied promise in construction agreements to perform the work "in a skillful and workmanlike manner" (Marinaccio v Town of Clarence, 215 AD3d 1289, 1290 [4th Dept 2023]; see Rush v Swimming Pools by Jack Anthony, Inc., 98 AD3d 728, 729-730 [2d Dept 2012]), and whether the damages alleged by plaintiffs were proximately caused thereby (see Rivers v Deane, 209 AD2d 936, 936 [4th Dept 1994]; cf. Jacob & Youngs, Inc. v Kent, 230 NY 239, 244 [1921], rearg denied 230 NY 656 [1921]; see generally Brushton-Moira Cent.
School Dist. v Thomas Assoc., 91 NY2d 256, 261-262 [1998]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court