**Takkar v International Capital Partners, LLC**

2024 NY Slip Op 33681(U)

October 15, 2024

Supreme Court, New York County

Docket Number: Index No. 650423/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**              PART              **11M**

*Justice*

-------------------------------------------------------------------------------X

SUMIT TAKKAR, DLT ENTERPRISES INC.

     Plaintiff,

     - v -

INTERNATIONAL CAPITAL PARTNERS LLC,RAM
AJJARAPU,

     Defendant.

-------------------------------------------------------------------------------X

| INDEX NO. | 650423/2024 |
| --- | --- |
| MOTION DATE | 05/06/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 34, 36

were read on this motion to/for      DISMISSAL     .

Upon the foregoing documents, plaintiff's motion to dismiss the defendant's counterclaims is granted and the counterclaims are dismissed without prejudice.

## Background

This motion arises out of a dispute over an alleged agreement to pay referral fees. Plaintiff Sumit Takkar ("Takkar") controls and works through the electric and gas corporation DLT Enterprises, Inc. ("DLT", together with Takkar the "Plaintiffs"). Plaintiffs claim that Mr. Takkar was put in contact with Defendant Ram Ajjarapu ("Ajjarapu"), and they discussed Mr. Ajjarapu's interest in having Defendant International Capital Partners, LLC ("ICP", together with Ajjarapu the "Defendants") acquire new companies in the energy industry. The parties disagree, among other things, on the nature and extent of the relationship between the parties, and the role of Mr. Takkar in the ensuing acquisition process. ICP purchased a Pennsylvania power company, Park Power LLC, in March of 2023. There followed issues regarding financing and the posting of a Surety Bond for Park Power. Here again the parties disagree on certain facts,

**650423/2024   TAKKAR, SUMIT ET AL vs. INTERNATIONAL CAPITAL PARTNERS LLC ET AL**              **Page 1 of 8**
**Motion No.  002**

1 of 8

representations made, and timelines of events. ICP's purchase of Park Power was rescinded in August of 2023.

Plaintiffs brought the underlying suit in January of 2024, claiming that Defendants had failed to pay Mr. Takkar a referral fee owed for the Park Power transaction. Plaintiffs pled claims for breach of contract, account stated, quantum meruit, and in the alternative, promissory estoppel. Defendants filed an answer in March of 2024, denying contractual liability and pleading several affirmative defenses and counterclaims for damages as a result of Mr. Takkar's alleged fraudulent conduct in facilitating the Park Power purchase. Plaintiff brought the present motion to dismiss defendant's counterclaims pursuant to CPLR § 3211. Defendant opposes.

**Standard of Review**

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

CPLR § 3211(a)(5) allows for a complaint to be dismissed if, among other reasons, it is barred by the statute of limitations. For motions made pursuant to this provision, the defendant has the "initial burden of demonstrating, prima facie, that the time within to commence the cause

**650423/2024   TAKKAR, SUMIT ET AL vs. INTERNATIONAL CAPITAL PARTNERS LLC ET AL**          **Page 2 of 8**
**Motion No.  002**

2 of 8

of action has expired", at which point the burden then shifts to the plaintiff to "raise a question of fact as to whether the statute of limitations is tolled or otherwise inapplicable." *Haddad v. Muir*, 215 A.D.3d 641, 642-43 (2nd Dept. 2023).

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

**Discussion**

Defendant denies that there was any agreement between Mr. Takkar and Defendants but pleads in the alternative that any such agreement is invalid. There are four counterclaims, two for fraudulent inducement in the Park Power purchase and the alleged broker-services agreement, one asking that should the Court find that there was a broker-services agreement, such agreement is rescinded, and finally Defendants plead a counterclaim for breach of the alleged broker-services agreement. As this is Plaintiff's motion to dismiss, all factual allegations pled by Defendants are taken to be true and Defendants have the benefit of all possible inferences.

Under this standard, Defendants four counterclaims fail as a matter of law. Ultimately, Defendants' counterclaims are in nature more like affirmative defenses, and they fail to plead facts that would allow for affirmative relief on their claims.

**650423/2024   TAKKAR, SUMIT ET AL vs. INTERNATIONAL CAPITAL PARTNERS LLC ET AL**          **Page 3 of 8**
**Motion No.  002**

3 of 8

I: Counterclaim One for Fraudulent Inducement of the Park Power Transaction Fails to Adequately Plead Fraudulent Inducement Because Defendants do not Allege a Fiduciary Relationship Between the Parties

Defendants allege here that Mr. Takkar approached Defendants regarding the potential Park Power acquisition with "full knowledge of Park Power's need for cash collateral in the full amount of a bond." They further allege that Mr. Takkar knew that this information was material to the transaction but that he failed to disclose it hoping thereby to induce Defendants to purchase Park Power. Mr. Takkar's motivation for this omission, according to Defendants, was so that he could then profit from "future transactions involving Park Power after Defendants completed this initial acquisition." Defendants allege that they suffered damages as a result of the material misrepresentations and omissions, owing to the need to rescind the transaction.

Plaintiffs move to dismiss this counterclaim on the grounds that it fails to state a claim as a matter of law. They argue that Defendants did not allege all elements of fraudulent inducement because Mr. Takkar was third party with no legal relationship to the transaction, that Defendants did not allege a misrepresentation that would give rise to fraudulent inducement, and that the rescission of the Park Power transaction precludes damages recovery for fraudulent inducement.

A claim that is based on misrepresentation or fraud requires that the "circumstances constituting the wrong shall be stated in detail." CPLR § 3016(b). A cause of action sounding in fraud is deficient if it "fail[s] to allege that the defendants had actual knowledge of the fraud and provided substantial assistance in its commission." *Gregor v. Rossi*, 120 A.D.3d 447, 448 (1st Dept. 2014). To support a claim for fraudulent inducement on a motion to dismiss, a defendant does not need to plead damages with particularity, but they are required to plead "the misrepresentation and scienter elements of the claim." *PF2 Sec. Evaluations, Inc. v. Fillebeen*,

**650423/2024   TAKKAR, SUMIT ET AL vs. INTERNATIONAL CAPITAL PARTNERS LLC ET AL**          **Page 4 of 8**
**Motion No.  002**

4 of 8

171 A.D.3d 551, 553 (1st Dept. 2019). A claim for fraudulent inducement must allege "a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Ambac. Assur. Corp. v. Countrywide Home Loans, Inc.*, 31 N.Y.3d 569, 578 (2018).

Defendants here allege that Mr. Takkar concealed information relating to Park Power's need to post cash collateral to secure a bond in order to secure future business relations with Defendants, not with Park Power. The contract that Defendants allege Mr. Takkar fraudulently induced them to enter into was between Park Power and Defendants, and Mr. Takkar was not a party to that agreement. When alleging fraudulent inducement into a contract by a third party's misrepresentations, "the person making the representations must be, or acting on behalf of, the other party to the contract." *National Union Fire Ins. Co. v. Worley*, 257 A.D.2d 228, 233 (1st Dept. 1999). Defendants do not allege that Mr. Takkar had an actual or apparent agency relationship with Park Power to induce Defendants into the contract. Furthermore, a material omission constitutes fraud only if there is a "fiduciary or "special" relationship between the parties." *Golub v. Tanenbaum-Harber Co., Inc.*, 88 A.D.3d 622, 622(1st Dept. 2011).

For this count, the Defendants do not allege that there is any underlying agreement between Plaintiffs and Defendants for the purchase of Park Power; on the contrary Defendants deny that there was such an agreement elsewhere in their papers. While the following three counterclaims are pled in the alternative, the counterclaim for fraudulent inducement of the Park Power agreement is not. Defendants have not pled sufficient facts to support a claim of fraudulent inducement in sufficient particularly to support the existence of a fiduciary relationship between Mr. Takkar and the Defendants that would allow for a fraudulent

**650423/2024   TAKKAR, SUMIT ET AL vs. INTERNATIONAL CAPITAL PARTNERS LLC ET AL**          **Page 5 of 8**
  **Motion No.  002**

5 of 8

inducement of the Park Power contract. For these reasons, this counterclaim is dismissed without prejudice.

## II: Counterclaim Two Fraudulent Inducement of an Alleged Broker-Services Agreement Fails to Adequately Plead Fraudulent Inducement Because Defendants do not Allege a Fiduciary Relationship Between the Parties

In the second counterclaim, Defendants allege that while they deny the existence of a broker-services agreement between the parties, to the extent that such an agreement exists it would be void on the grounds that Defendants were fraudulently induced to enter into it by Mr. Takkar's omission of a material fact. Specifically, that Mr. Takkar "knew that Park Power needed to post the full amount of cash collateral to secure a refunding bond" and that Mr. Takkar "withheld this material information to induce Defendants to acquire Park Power." Plaintiffs have moved to dismiss this counterclaim on the grounds that the alleged contract between the parties was in existence before the Defendants entered into the Park Power agreement, and that any information about the financial state of Park Power would not be material in establishing the contract between the Plaintiffs and Defendants for a purchase price commission.

Defendants allege (in the alternative to their primary position that there was no agreement) that Mr. Takkar intentionally misrepresented the financial state of Park Power intending to induce reliance, that as a result Defendants entered into the Park Power agreement, that Defendants suffered damages in the form of costs needed to rescind the Park Power agreement and to secure the cash bond. Plaintiff argues that the financial nature of Park Power is not material to a broker agreement contract to arrange the purchase of Park Power, but it would be a reasonable inference in Defendants' favor that such a fact would be material.

**650423/2024   TAKKAR, SUMIT ET AL vs. INTERNATIONAL CAPITAL PARTNERS LLC ET AL**          **Page 6 of 8**
   **Motion No.  002**

6 of 8

But as established above, a claim for fraudulent inducement requires the existence of a fiduciary or special relationship between the parties. While the Defendants attempt here to plead in the alternative, stating that "to the extent any such broker-services agreement existed between the parties, which it does not, such agreement would be void on the grounds of fraudulent inducement", this line of reasoning is more suited to an affirmative defense (and in fact, Defendants have pled an affirmative defense of fraudulent inducement). The First Department has held that the differences between an affirmative defense and a counterclaim are "not merely semantic; these are substantive differences." *P.J.P. Mech. Corp. v. Commerce & Indus. Ins. Co.*, 65 A.D.3d 195, 200 (1st Dept. 2009). Purported counterclaims that are "in the nature of defenses to the complaint and did not assert facts upon which affirmative relief may be granted" are properly dismissed. *Katz v. Miller*, 120 A.D.3d 768, 770 (2nd Dept. 2014).

To make out a *prima facie* case of fraudulent inducement, Defendants would need to allege that there existed a fiduciary relationship and agreement between the parties and allege how Mr. Takkar fraudulently induced Defendants to enter into said agreement or relationship through an omission of material facts. Because Defendants do not plead such a relationship and give no terms of any agreement between the parties that could form the basis for a fraudulent inducement claim, and in fact state repeatedly that such a relationship and agreement does not exist, this counterclaim fails as a matter of law and is therefore dismissed without prejudice.

III: Counterclaim Three for Rescission of the Alleged Broker-Services Agreement Fails to Plead

Facts Sufficient for Recission

This counterclaim follows suit in that it denies the existence of any broker-services agreement between the parties but states that [t]o the extent that any broker-services agreement existed between the Parties, which it does not, such agreement was invalidated" by the ultimate

**650423/2024   TAKKAR, SUMIT ET AL vs. INTERNATIONAL CAPITAL PARTNERS LLC ET AL**                 **Page 7 of 8**
**Motion No.  002**

7 of 8

[* 7]

recission of the Park Power Agreement. Here again, this is in nature more of an affirmative defense and Defendants fail to plead facts that would support an affirmative claim for recission of an agreement they deny exist. For the reasons set forth above, such a counterclaim is properly dismissed.

### IV: Counterclaim Four for Breach of Contract Fails to Plead Facts Sufficient to State a Claim as It Does Not Allege a Contract Exists Between the Parties

In this counterclaim Defendants deny the existence of a contract between the parties and argue in the alternative that if there is such an agreement, Mr. Takkar breached the duty of care that he would have owed to the Defendants by concealing any knowledge of Park Power's obligation to post the full amount of cash collateral to secure a bond. As with the previous three counterclaims, this counterclaim fails to affirmatively plead facts that there was an agreement that Mr. Takkar allegedly breached. Therefore, as a counterclaim it is properly dismissed.

### Conclusion

While the Court is granting the motion to dismiss the counterclaims as indicated above, this dismissal will be without prejudice in case facts come to light during the course of discovery or otherwise during the course of this matter that would provide enough information for any of the counterclaims to be sufficiently pled. Accordingly, for the reasons given above, it is hereby

ORDERED that Defendants' counterclaims are dismissed without prejudice.

20241015171513LFRANK0B42A56450D4286950078A1A5A0971A

| **10/15/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650423/2024   TAKKAR, SUMIT ET AL vs. INTERNATIONAL CAPITAL PARTNERS LLC ET AL**     **Page 8 of 8**
**Motion No.  002**

8 of 8