█ LAURA CORIO, M.D., PLLC, et al., Appellants, v R. LEWIN INTERIOR DESIGN, INC., et al., Defendants, and HAROUT NALBAN-DIAN, M.D., Respondent. [854 NYS2d 55]—

Plaintiffs leased the ground floor of a building owned by Nalbandian for a medical office. A rider to the lease gave plaintiffs an option to renew at a rent to be determined if plaintiffs were not in default. The rider also provided that plaintiffs were required to obtain all necessary permits in connection with any construction or renovations they performed.

Plaintiffs contracted with defendants R. Lewin Interior Design, Inc. and JMK Construction Group, Ltd. to design and perform renovations at the premises and obtain the necessary permits in connection with the construction. The plans for the project were not approved and a building permit was not issued, but plaintiffs proceeded with the renovations nonetheless. Plaintiffs allege that when the lease came up for renewal, the owner refused to discuss the annual rent for the renewal term.

In this action against Lewin, JMK and related entities as well as the owner, plaintiffs' causes of action against the owner allege fraud, fraudulent inducement and conspiracy. These claims are essentially based on the owner's alleged refusal to negotiate the rent for the renewal term. The owner asserts that plaintiffs were in violation of the lease for failure to obtain the necessary permits and were therefore not entitled to a renewal.

The fraud claim, which alleges that the owner (as well as the

other defendants) intentionally misrepresented to plaintiffs that the required permits had been obtained, was properly dismissed inasmuch as there are no allegations as to how plaintiffs were injured in reliance on that misrepresentation. The claim for fraudulent inducement, which alleges that the owner intentionally deceived plaintiffs that they would have the opportunity for long-term possession of the premises, was also properly dismissed, since plaintiffs fail to allege that he lacked the intent to grant a renewal lease at the time the lease was signed (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *see also Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1998]); general allegations that defendant entered into a contract lacking the intent to perform are insufficient (*New York Univ. v Continental Ins. Co.* at 318; *see Manhattan Film v Entertainment Guars.*, 156 AD2d 152, 154 [1989]). A claim "based upon a statement of future intention must allege facts to show that the defendant, at the time the promissory representation was made, never intended to honor or act on his statement" (*Non-Linear Trading Co. v Braddis Assoc.* at 118, quoting *Lanzi v Brooks*, 54 AD2d 1057, 1058 [1976], *affd* 43 NY2d 778 [1977]).

The conspiracy claim, which alleges that defendants conspired to provide the owner with justification for his refusal to discuss the rent for the renewal term, fails as well, since New York does not recognize civil conspiracy as an independent tort (*Shared Communications Servs. of ESR, Inc. v Goldman Sachs & Co.*, 23 AD3d 162, 163 [2005]), and there is no underlying tort to support this theory (*see Frank v DaimlerChrysler Corp.*, 292 AD2d 118, 128 [2002], *lv denied* 99 NY2d 502 [2002]). Concur— Mazzarelli, J.P., Andrias, Williams, Buckley and Acosta, JJ.