■ AJW Partners LLC et al., Respondents, v Itronics Inc. et al., Appellants. [892 NYS2d 46]—

The parties entered into a complex financing arrangement, as set out in a securities purchase agreement pursuant to which defendants issued callable secured convertible notes valued at the loan amount of $3.25 million. When, several years later, defendants refused to honor plaintiffs' exercise of stock conversion rights, plaintiffs brought this action for breach of contract. In response, defendants interposed the subject counterclaims, alleging that plaintiffs violated the parties' agreement by short selling the stock of defendant Itronics Inc. and by engaging in market manipulation in order to maximize gains. Both parties moved to dismiss the others' claims.

The counterclaim alleging that the agreement allowed for a usurious rate of interest was properly dismissed, as the usury laws do not apply here. In general, corporations may not interpose a usury defense, except for criminal usury as defined in Penal Law § 190.40 (General Obligations Law § 5-521). General Obligations Law § 5-501 (6) (b), however, provides that penal usury laws do not apply where, as here, loans in excess of $2.5 million are issued in one or more installments pursuant to a written agreement. The counterclaim alleging fraud was properly dismissed, as it is based on a mere general allegation that plaintiffs entered into the agreement with no intent to perform (see Laura Corio, M.D., PLLC v R. Lewin Interior Design, Inc., 49 AD3d 411, 412 [2008]). The counterclaims alleging negligent misrepresentation and breach of fiduciary duty were properly dismissed, as there can be no fiduciary obligation in a contractual arm's length relationship between a debtor and note-holding creditor (see River Glen Assoc. v Merrill Lynch Credit Corp., 295 AD2d 274, 275 [2002]; SNS Bank v Citibank, 7 AD3d 352, 354 [2004]). Here, the parties' agreement stated that they acted solely in arm's length capacities and that plaintiffs were not fiduciaries of defendants. The counterclaims alleging conversion and breach of the implied covenant of good faith and fair dealing were properly dismissed, as they are based on a claim that plaintiffs had violated the parties' agreement by

short selling Itronics Inc.'s stock, and are thus duplicative of the remaining counterclaim alleging breach of contract on that same ground (*see Levi v Utica First Ins. Co.*, 12 AD3d 256, 257-258 [2004]; *Yeterian v Heather Mills N.V. Inc.*, 183 AD2d 493, 494 [1992]). The counterclaim alleging breach of contract due to a purported violation of a prohibition against plaintiffs' acquiring beneficial ownership of more than 4.99% of Itronics Inc.'s common stock was properly dismissed, because, as made clear by defendants' filings with the Securities and Exchange Commission, the prohibition prevented plaintiffs from holding more than 4.99% of the corporation's stock at any one time, but permitted plaintiffs to convert and sell shares in excess of that percentage over the life of the loan so long as its actual holdings remained below the conversion cap. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Román, JJ.