■ Koster, Brady & Nagler, LLP, et al., Respondents, v Paul F. Callan et al., Appellants. [65 NYS3d 452]—

Orders, Supreme Court, New York County (Ellen M. Coin, J.), entered April 20, 2017, which denied defendants Martin W. Edelman and Edelman & Edelman, P.C. (the Edelman defendants) and defendant-counterclaim plaintiff's Paul F. Callan's motion for summary judgment dismissing the complaint and on Callan's counterclaims and granted plaintiffs' motion for leave to amend the complaint, unanimously modified, on the

law, to grant Callan and the Edelman defendants' motion for summary judgment to the extent of dismissing the accounting cause of action as against the Edelman defendants, and otherwise affirmed, without costs.

There is evidence in the record that Callan, while still a partner at plaintiff law firm, worked with defendants to woo a prospective client, concealing from his partners the true nature and extent of his involvement in the matter as he prepared to leave the firm, after which departure he entered into a contingency fee agreement on the matter.

Accordingly, Callan and the Edelman defendants' motion for summary judgment dismissing the complaint was correctly denied, except for the accounting claim as against the Edelman defendants. Since these defendants have no fiduciary duty to plaintiffs, plaintiffs have no right to an accounting from them, even predicated on their alleged aiding and abetting of Callan's breach of fiduciary duty to plaintiffs (*see Front, Inc. v Khalil*, 103 AD3d 481, 483 [1st Dept 2013], *affd on other grounds* 24 NY3d 713 [2015]; *Adam v Cutner & Rathkopf*, 238 AD2d 234, 242 [1st Dept 1997]).

No prejudice or surprise results from plaintiffs' amendment of the complaint, and the proposed amended complaint is not palpably improper or insufficient as a matter of law (*see McGhee v Odell*, 96 AD3d 449 [1st Dept 2012]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Friedman, J.P., Gesmer, Kern and Moulton, JJ.

Motion to strike portions of reply brief and to adjourn appeal granted to the extent of striking portions of reply brief, and otherwise denied as academic.