Eisenberg v Weisbecker (2021 NY Slip Op 00252)





Eisenberg v Weisbecker


2021 NY Slip Op 00252


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Index No. 159690/18 652247/16 Appeal No. 12918-12919 Case No. 2020-02979 2020-02958 

[*1]Michael Eisenberg, Plaintiff-Appellant,
v
Miriam Weisbecker, Defendant-Respondent.
Michael Eisenberg, Plaintiff-Appellant,
v
Gerard Rem, Defendant-Respondent.


Law Office of Daniel M. Kolko, White Plains (Daniel M. Kolko of counsel), for appellant.
D'Agostino, Levine, Landesman, Lederman, Rivera & Sampson LLP, New York (Bruce H. Lederman of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 21, 2020, which, to the extent appealed from as limited by the briefs, granted defendant Gerard Rem's motion for summary judgment dismissing the causes of action for breach of fiduciary duty, conversion, imposition of a constructive trust, and an accounting and the demand for punitive damages, and denied plaintiff's cross motion to compel discovery, unanimously affirmed, without costs.
Order, same court (Melissa A. Crane, J.), entered June 17, 2020, which granted defendant Miriam Weisbecker's motion pursuant to CPLR 3211(a) to dismiss the complaint alleging aiding and abetting breach of fiduciary duty and tortious interference with contract, unanimously affirmed, without costs.
The motion court correctly determined that plaintiff's agreement with defendant Rem did not constitute a joint venture because it lacked a provision for the sharing of losses (see Slabakis v Schik, 164 AD3d 454, 455 [1st Dept 2018], lv denied 32 NY3d 912 [2018]). Indeed, Rem guaranteed that he would compensate plaintiff for any losses resulting from their endeavor. Thus, the agreement did not give rise to fiduciary duties, and the breach of fiduciary duty claim was correctly dismissed. The accounting and imposition of a constructive trust claims, as well as the aiding and abetting breach of fiduciary duty claim against defendant Weisbecker, were correctly dismissed because those claims are dependent on the existence of a fiduciary duty (see Koster, Brady & Nagler, LLP v Callan, 156 AD3d 509 [1st Dept 2017]; Matter of Gupta, 38 AD3d 445 [1st Dept 2007]).
The conversion claim against Rem is duplicative of the sole remaining claim against him, a breach of contract claim (Johnson v Cestone, 162 AD3d 526, 527 [1st Dept 2018]). Plaintiff is not entitled to punitive damages on his contract claim because the complaint does not allege that the breach was associated with outrageous conduct that was part of a pattern directed at the public generally (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994]; Soviero v Carroll Group Intl., Inc., 27 AD3d 276, 277 [1st Dept 2006]). The tortious interference with contract claim against Weisbecker fails to allege that the breach would not have occurred but for Weisbecker's conduct (Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476 [1st Dept 2018]; Burrowes v Combs, 25 AD3d 370, 373 [1st Dept 2006], lv denied 7 NY3d 704 [2006]).
The court properly denied plaintiff's motion to compel defendants to provide information regarding their tax returns and answer questions regarding distribution of the proceeds of the sale of the cooperative unit at issue, because this information is not relevant to any damages plaintiff may be entitled to recover on his sole remaining claim, the breach of contract claim against Rem.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021