111 W. 57th Inv. LLC v 111W57 Mezz Inv. LLC (2021 NY Slip Op 01937)





111 W. 57th Inv. LLC v 111W57 Mezz Inv. LLC


2021 NY Slip Op 01937


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 655031/17 Appeal No. 13458 Case No. 2020-01600 

[*1]111 West 57th Investment LLC, on Behalf of Itself and Derivatively on Behalf of 111 West 57th Partners LLC, et al., Plaintiff-Respondent-Appellant,
v
111W57 Mezz Investor LLC, Defendant-Appellant-Respondent, 111 West 57th Partners LLC, et al., Nominal Defendants.


Greenberg Traurig, LLP, New York (Steven Sinatra of counsel), for appellant-respondent.
Meister Seelig & Fein LLP, New York (Eugene Meyers of counsel), and Cooper & Kirk, PLLC, Washington, DC (Haley N. Proctor of the bar of the District of Columbia admitted, pro hac vice of counsel), for respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about January 29, 2020, which granted so much of defendant's motion as sought to dismiss the causes of action for conversion and breach of the covenant of good faith and fair dealing and denied the motion as to the causes of action for a declaration that the UCC strict foreclosure is void, breach of article 9 of the UCC, aiding and abetting breach of fiduciary duty, and constructive trust/permanent injunction, unanimously modified, on the law, to deny the motion as to the good faith and fair dealing cause of action and grant the motion as to the remaining causes of action, and otherwise affirmed, without costs.
Plaintiff 111 West 57th Investment LLC entered into a joint venture to develop a luxury condominium building at 111 West 57th Street in Manhattan. Plaintiff's coventurer was 111 West 57th, the sponsor LLC (the sponsor). The sponsor's principals are Michael Stern and Kevin Maloney. Both plaintiff and the sponsor are members of nominal defendant 111 West 57th Partners LLC (the Company). The relationship between plaintiff and the sponsor is set forth in the Amended and Restated Limited Liability Company Agreement dated December 17, 2013 (the LLC Agreement). The Company has as subsidiaries 111 West 57th, the property owner LLC (the owner) and 111 West 57th Mezz 1 LLC (Junior Mezz Borrower), which are also nominal defendants.
The construction of the project was financed by two loans. A $400 million loan to the owner, and a $325 million "mezzanine" loan to 111 West 57th Holdings, LLC.
The project fell into financial difficulty. The original lender of all amounts, Apollo, declared a default. In or about March 2017, Stern, Maloney, the sponsor and Apollo restructured the loan. The restructuring was a condition of Apollo's forbearance from foreclosing. Apollo assigned the junior mezzanine loan to defendant 111 W57 Mezz Investor LLC.
On that same day, defendant and the other lenders entered into a revised and amended intercreditor agreement (the ICA). Section 7 of the ICA states that in the event of a UCC strict foreclosure, defendant "shall cause the Construction of the Project to continue to be performed by a Construction Manager," a term defined in the original construction loan to mean, as relevant here, an entity controlled by Stern and Maloney. Section 5(a)(3) of the ICA further states that defendant is authorized "to Transfer a non-controlling indirect interest" in the Project to "a Construction Manager."
On June 30, 2017, the date the forbearance period from Apollo ended, defendant sent a demand to Junior Mezz Borrower to pay the balance of the loan, approximately $25 million, because it was in default. Defendant sent Junior Mezz Borrower a notice pursuant to UCC 9-620, stating that, absent objection, defendant would go forward with a "strict foreclosure". As manager of Junior Mezz Borrower, the sponsor forwarded a copy to plaintiff. Because the sponsor refused [*2]to send an objection, on July 23, 2017, plaintiff sent its own objection to defendant.
Plaintiff commenced this action on July 2017 alleging that through the ICA, defendant had effectively bribed Stern and Maloney not to object to the strict foreclosure. The bribe, as set out in the ICA, was that the two individuals would continue as construction managers on the project and would be entitled to a participation interest in the project. As a result of this bribe, the Company and the Junior Mezz Borrower lost the substantial value of the project, while only receiving forgiveness for $25 million of indebtedness.
As pertinent to this appeal, in May 2019, plaintiff filed an amended complaint. Defendant moved to dismiss the complaint. The court dismissed the third (conversion) and fifth (good faith and fair dealing) claims, as duplicative of the UCC claims. In sustaining the first and second causes of action, Supreme Court found that the alleged scheme to suborn Stern and Maloney violated the UCC. Similarly, Supreme Court determined that the waiver of duties in the LLC Agreement was not so broad as to eliminate all fiduciary duties, and therefore sustained the fourth cause of action (aiding and abetting breach of fiduciary duty). Supreme Court denied defendant's motion with regard to the sixth cause of action.
Defendant appeals from those parts of the order denying its motion to dismiss. Plaintiff cross appeals from those parts of the same order granting in part defendant's motion to dismiss the complaint.
We modify Supreme Court's order to dismiss all the causes of actions in the complaint except for breach of good faith and fair dealing claim.
The complaint fails to state a cause of action for aiding and abetting a breach of fiduciary duty. The parties agree that Delaware law governs the LLC Agreement. Under Delaware law, contracting parties are free to waive duties, including fiduciary duties. The waiver provision, § 8.5, in the LLC Agreement eliminated all fiduciary duties, and all that remained were contractual duties (CelestialRX Invs., LLC v Krivulka, 2019 WL 1396764, *9, 2019 Del Ch LEXIS 102, *24 [Del Ch, Mar. 27, 2019, C.A. No. 11733-VCG]).
The second cause of action for breach of Article 9 of the UCC fails as well. Upon the debtor's default, UCC 9-620 allows a secured creditor to, among other things, seek the collateral by strict foreclosure. This remedy requires the creditor to give notice to the debtor, and, if the debtor does not object within 20 days, the creditor takes the collateral, and the debt is deemed satisfied.
However, as a mere member of a limited liability company, plaintiff was not a person that was entitled to notice or could object to the strict foreclosure of the LLC's property by defendant lender (6 Del Code § 18-701 ["A member (of an LLC) has no interest in specific limited liability company property"]; UCC 9-620[a][2][B]).
Moreover, defendant's rights under the UCC could not be waived by the words or actions [*3]of the debtor (UCC 9-602[10]). While it is possible for the creditor to waive remedies, defendant did not do so merely by extending a loan to an entity with internal governance disputes (cf. In re CBGB Holdings, LLC, 439 BR 551, 558 [SD NY 2010] [sale was effective under expressagreement altering procedures for strict foreclosure]).
Plaintiff's cause of action for constructive trust should be dismissed because there is no confidential or fiduciary relationship (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; AJW Partners LLC v Itronics Inc., 68 AD3d 567, 568 [1st Dept 2009]). The claim for a permanent injunction should be dismissed because plaintiff has failed to show that it lacks an adequate remedy at law.
We agree with Supreme Court that the cause of action for conversion is duplicative of the UCC claim (see Stillwater Liquidating LLC v Partner Reins. Co., Ltd., 2017 NY Slip Op 30257[U], *9 [Sup Ct, NY County 2017], affd 151 AD3d 585 [1st Dept 2017] [conversion and UCC claims duplicative]).
However, the complaint states a derivative cause of action for breach of the duty of good faith and fair dealing by alleging that defendant, in which the pledge agreement vested discretion as to the exercise of UCC remedies, suborned insiders to allow it to exercise that discretion to plaintiff's detriment (see Pleiades Publ., Inc. v Springer Sci. v Bus. Media LLC, 117 AD3d 636 [1st Dept 2014]).
The crux of plaintiff's case is that insiders were bribed into giving away the company's right to a sale by auction, which gutted the value received by the company. Thus, the company allegedly is the victim of the scheme by insiders who completely abandoned its interests, and the derivative claims are not barred by the doctrine of in pari delicto (Kirschner v KPMG LLP, 15 NY3d 446, 467 [2010]).
Nor are the derivative claims barred by the exculpatory clause in the parties' pledge agreement. The alleged acts at issue are the intentional, bad faith acts such as are not subject to waiver (see Banc of Am. Sec. LLC v Solow Bldg. Co. II, L.L.C., 47 AD3d 239, 244 [1st Dept 2007], appeal withdrawn 16 NY3d 796 [2011]).
Defendant argues that the claim is barred by the pledge agreement's contractual limitations period that any claim must be brought within three months of notice of the breach. While such clauses are enforceable, we agree with plaintiff that where a defendant has itself precluded the happening of a condition, it cannot rely on the failure of that condition (A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 31 [1998]). Here, plaintiff has alleged that the failure to meet the condition, that is to give notice of the claim, was brought about by defendant's scheme to suborn Stern and Maloney.
We have considered the parties' remaining contentions and find them either unavailing or academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021