Rising Sun Constr. L.L.C. v CabGram Dev. LLC (2022 NY Slip Op 00989)





Rising Sun Constr. L.L.C. v CabGram Dev. LLC


2022 NY Slip Op 00989


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 150348/20 Appeal No. 15318 Case No. 2020-03700 

[*1]Rising Sun Construction L.L.C., Individually and as Representative of all Trust Beneficiaries Similarly Situated, Plaintiff-Respondent,
v
CabGram Developer LLC, et al., Defendants-Appellants, The Guarantee Company of North America USA, et al., Defendants.


Stahl & Zelmanovitz, New York (Joseph
Zelmanovitz of counsel), for appellants.
Cole Schotz P.C., New York (Bradley P. Pollina of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about July 30, 2020, which, to the extent appealed from, granted plaintiff's motion to dismiss the first counterclaim by defendants CabGram Developer LLC, 227 East 19th Street Owner, LLC, 227 East 19th Street Owner II LLC, 227 East 19th Street Owner III LLC, and David Bistricer for fraudulent inducement and the portion of defendants' second counterclaim for breach of contract seeking damages for lost profits, unanimously affirmed, with costs.
Supreme Court correctly dismissed the portion of the breach of contract counterclaim seeking lost profit damages. To recover lost profits, a party must establish that the "particular damages were fairly within the contemplation of the parties to the contract at the time it was made" (Awards.com, LLC v Kinko's, Inc., 42 AD3d 178, 183 [1st Dept 2007], affd 14 NY3d 791 [2010]). The parties' initial subcontract unambiguously precludes the recovery of lost profits as it provides that the parties waived claims for consequential damages (see Bankers Conseco Life Ins. Co. v Wilmington Trust, N.A., 195 AD3d 109, 116 [1st Dept 2021] [A claim for lost profits is a "classic example of consequential damages"]).
Contrary to defendants' contention, the October 2018 meeting between the parties during the course of the construction project did not result in an entirely new contract. The initial subcontract contains provisions regarding "Changes in the Work" and provides that such changes were to be made only in the form of "Modifications," not an entirely new agreement. Moreover, there is no evidence that the purported second agreement somehow superseded the first subcontract. While defendants assert for the first time in their reply that the representations made at the October 2018 meeting were memorialized in a signed, written agreement, their counterclaims contain no allegation regarding the existence of any such written agreement and defendants have not cited any of the purported second agreement's provisions or included the agreement as part of the record on appeal.
Even if the purported second agreement could be considered a fully executed contract, defendants' counterclaim for lost profits still fails. Section 15.4 of the initial subcontract waived claims for consequential damages that "related" to the subcontract. Thus, even if there was a new agreement reached in 2018, it was "related" to the initial subcontract because it concerned the same project. Moreover, defendants have not sufficiently alleged that the purported second agreement specifically provided for the recovery of lost profits. Finally, the lost profit damages sought, in excess of $10 million, are "out of proportion to any liability contemplated by the contract" (Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp., 296 AD2d 103, 107 [1st Dept 2002]).
Supreme Court also properly rejected defendants' counterclaim for fraudulent inducement. To state a cause of [*2]action for fraudulent inducement, the pleading party must allege that the defendant "intentionally made a material misrepresentation of fact in order to defraud or mislead the plaintiff, and that plaintiff reasonably relied on the misrepresentation and suffered damages as a result" (Connaughton v Chipotle Mexican Grill, Inc., 135 AD3d 535, 537 [1st Dept 2016], affd 29 NY2d 137 [2017]). Defendants have failed to properly allege a counterclaim for fraudulent inducement in this straightforward breach of contract action. When a fraud cause of action is "based upon a statement of future intention," it must allege facts sufficient to show that the party "never intended to honor or act on [that] statement" (Cronos Group Ltd. v XComIP LLC, 156 AD3d 54, 71 [1st Dept 2017] [internal quotation marks omitted]). At most, defendants' counterclaims make "general allegations that [plaintiff] entered into a contract lacking the intent to perform," and such allegations are insufficient to sustain a claim from fraudulent inducement (Laura Corio, M.D., PLLC v R. Lewin Interior Design, Inc., 49 AD3d 411, 412 [1st Dept 2008]). As defendants did not meet their pleading burden, the court properly dismissed the counterclaim.
We have considered defendants' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022