| |
|---|
| **Estate of Abzug v Lieberman** |
| 2024 NY Slip Op 33878(U) |
| October 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651816/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

PART **11M**

-------------------------------------------------------------------------------X

ESTATE OF BELLA ABZUG, ISOBEL J ABZUG, EVE G ABZUG, BELLA ABZUG LEADERSHIP INSTITUTE, INC.,AKA BALI

Plaintiff,

- v -

JEFF L LIEBERMAN, BELLA DOCUMENTARY FILM, LLC,RE-EMERGING FILMS, LLC,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO. 651816/2024

MOTION DATE 07/18/2024

MOTION SEQ. NO. 003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110

were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, defendants' motion to dismiss is granted in part and denied in part.

## Background

This case arises out of a bitter dispute over a documentary about the life and legacy of the late Bella Abzug, a pioneering activist, attorney, and politician. In either early 2017 or October 2016, defendant Jeff L. Lieberman ("Lieberman") approached Bella's daughter plaintiff Isobel Jo Abzug ("Liz") about collaborating on a documentary about Bella. Out of their discussions came a document titled "Development Agreement" ("DA"), dated August 1st, 2017, and signed by Liz and Lieberman in the capacity of the founder of "Bella! Documentary Film, LLC." While such an entity did not exist at the time of the signing, in 2018 Lieberman formed an entity called "Bella Documentary Film, LLC" ("BDF"). There is no exclamation mark in the entity's official name because the IRS does not permit a business entity name to contain any special characters.

651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL          Page 1 of 19
Motion No.  003

1 of 19

The parties dispute the validity of the DA, in part on the grounds of the non-existence of BDF at the time of signing. Relations between the parties broke down, but a final version of the documentary has been completed, titled *Bella! – This Woman's Place is in the House*.

In April of 2024 Liz (both in her capacity as Co-Administrator of Bella's Estate and individually), the Estate of Bella S. Abzug (the Estate"), Eve Abzug (in her capacity as Co-Administrator of Bella's Estate), and the Bella Abzug Leadership Institute, Inc. ("BALI", collectively with Eve, Liz, and the Estate "Plaintiffs") filed the underlying suit. Plaintiffs have sued Lieberman in his individual capacity, BDF[1], and a second LLC associated with Lieberman, Re-Emerging Films, LLC ("REF", collectively with Lieberman and Bella! "Defendants").

The first amended complaint alleges twenty-one causes of action sounding in fraud, Civil Rights Law violations, and, in the alternative, breach of contract. Defendants bring the present motion to dismiss the amended complaint in its entirety pursuant to CPLR §§ 3211(a)(1) and (a)(7), as well as CPLR § 3211 §§ (g)(1) and (3). Plaintiffs oppose and have filed a separate motion seeking to compel production of certain books and records.

## Standard of Review

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

---

[1] Because the IRS does not allow for exclamation marks in the name of a business entity, the Court will consider "Bella! Documentary Film, LLC" and "Bella Documentary Film, LLC" as the same entity.

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**   **Page 2 of 19**
**Motion No.  003**

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

CPLR § 3211(g)(1) states that when, in a motion to dismiss, the moving party has demonstrated that the claim subject to the motion is an "action involving public petition and participation" as defined in the Anti-SLAPP Law, the motion is to be granted "unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law."

## Discussion

Defendants have moved to dismiss the amended complaint entirely and have raised several issues in their papers, which are addressed below. Ultimately, for the reasons that follow, their motion is granted as to the First, Third, Sixth, Seventeenth, Eighteenth, and Twenty-First causes of action but is denied as to the remaining causes.

### As an Initial Matter, the Anti-SLAPP Statute Does Not Apply

Defendants accuse the amended complaint of being a "thinly veiled effort to destroy a protected First Amendment work" and raise New York's Anti-SLAPP[2] statute. According to

---

[2] SLAPP stands for suits against public participation.

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

**Page 3 of 19**

Defendants, because the Plaintiffs' claims "are entirely based on the public release of a First Amendment protected film on a matter of public interest", the underlying suit is a SLAPP action. To shift the burden of proof to the plaintiff to show a substantial basis, a defendant must first show that the plaintiff's claims are "based on public communications on matters of public interest." *Reeves v. Associated Newspapers, Ltd.*, 2024 N.Y.App.Div. LEXIS 4459, *13 (1st Dept. 2024). The issue here is that while the documentary itself certainly is a matter of public interest, the majority of Plaintiffs' claims are not *based on* the documentary, but rather they are based on alleged fraudulent actions or alleged breaches of contract that were taken by Defendants in connection to the production of the documentary.

SLAPP actions typically sound in defamation and are "characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future." *600 W. 115th St. Corp. v. Von Gutfeld*, 80 N.Y.2d 130, 137 n.1 (1992). Because of concern over the impact on citizens of litigation arising from public participation, in 1992 New York enacted legislation meant to broaden protection of such speech (the Anti-SLAPP Law). *Id*. NY CLS Civ. R. § 70-a(1) provides that a "defendant in an action involving public petition and participation" may maintain a claim to recover damages, "including costs and attorney's fees" from the party that commenced the action. Section 76-a(1)(a)(1) of the same law defines an "action involving public petition and participation" as a claim that is based on "any communication in a place open to the public or a public forum in connection with an issue of public interest", and subsection (1)(a)(2) further includes "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." The term "public interest" is

651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL          Page 4 of 19
Motion No.  003

4 of 19

meant to be "construed broadly, and shall mean any subject other than a purely private matter." NY CLS Civ. R. § 70-a(1)(d).

Defendants are correct that motion pictures and documentaries would certainly constitute a matter of public interest that could invoke Anti-SLAPP protections. But not every suit that involves a motion picture or documentary is a SLAPP suit. This present case involves allegations of fraud (and in the alternative, breach of contract) stemming from what the Plaintiffs allege are specific misdeeds by Defendants, both in the decision-making process leading up to the creation of the documentary at issue and in the actions and responses by Defendants post-production. Plaintiffs are not instituting the present suit as a clear attempt to harass and chill free speech. Assuming the facts alleged by Plaintiffs to be true, they are instituting the suit because they believe that the Defendants have failed to meet their obligations regarding agreements reached with Plaintiffs. The Anti-SLAPP Law was intended to combat frivolous suits looking to chill free speech, not to stop litigation stemming from accusations of broken agreements and fraudulent conduct. The 2020 amendments to the Anti-SLAPP Law protect "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." NY CLS Civ. R. § 76-a(1)(a)(2). But here the Plaintiffs allege that the conduct at issue (certainly taken in furtherance of the exercise of free speech in the form of a documentary) was not lawful.

Of the twenty-one causes of action in Plaintiffs' amended complaint, none would constitute a SLAPP action. True, Plaintiffs are unhappy about a film documentary, but it is not the protected speech itself that Plaintiffs are seeking to litigate over. Plaintiffs allege that there was a fraudulent inducement to enter into a contract with an entity that did not exist at the time of the contract, that if the contract is valid Defendants failed to meet their obligations under it,

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No. 003**

**Page 5 of 19**

5 of 19

that private footage is being shown without permission, that Defendants have misrepresented the source of footage used in the film, and so on. The majority of the claims in the amended complaint are not looking to prevent protected speech, but instead are looking for various remedies in connection with allegedly fraudulent, tortious, or otherwise impermissible actions taken in *connection* with the documentary. Defendants cite to *Khozissova v. Ralph Lauren Corp.* as First Department precedent in support of their Anti-SLAPP claim, but that case does not provide support for their argument. In *Khozissova*, a fashion model sued for breach of the Civil Rights Law for use of her likeness in a documentary. *Khozissova v. Ralph Lauren Corp.*, 228 A.D.3d 508, 509 (1st Dept. 2024). While the First Department did affirm the trial court's decision to award attorneys' fees under the Anti-SLAPP law, this was because the plaintiff had failed to appeal from the relevant order. *Id.*, at 510-11. The First Department specifically noted that they "lack[ed] the jurisdiction to adjudicate the merits of plaintiff's arguments regarding application of the anti-SLAPP law." *Id.*

Breach of contract claims are not "categorically outside the anti-SLAPP law, which depends not on the type of claim but on the type of conduct." *Trump v. Trump*, 227 A.D.3d 635, 636 (1st Dept. 2024). But in order to form the basis for anti-SLAPP protection, the protected activity must constitute "the means by which the [] agreement was allegedly breached, and therefore [supply] the breach element of the breach of contract claim." *Id.* Here, the means by which the agreement was allegedly breached was not in the overall creation of a documentary, but in specific and concrete actions including failing to properly credit certain parties, failure to provide financial accounting, failure to consult with Liz, and using memorabilia without permission. Overall, it cannot be said that the present suit is brought in an attempt to chill the

651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL          Page 6 of 19
Motion No. 003

6 of 19

exercise of free speech, or based on a matter of public interest, but rather it is based on allegedly fraudulent activity.

Accordingly, Defendants' motion to dismiss will be analyzed under the CPLR § 3211 standard of review and not the heightened Anti-SLAPP standard of review.

### Plaintiffs' Civil Rights Law Sections §§ 50, 51 Claim is Time-Barred

Plaintiffs' Sixth cause of action alleges that interview footage in the documentary used Liz's image and voice for commercial purposes without her consent in violation of New York State's Civil Rights Law §§ 50 and 51. Plaintiffs ask the Court for an injunction stopping the continued use and dissemination of video recordings of interviews given by Liz. They also ask for financial damages to be awarded to "each individual Plaintiff." Defendant moves to dismiss this cause of action pursuant to CPLR § 3211(a)(7). They argue that Plaintiffs have not shown that there was no consent under the DA, that the film in question is not subject to the Civil Rights Law and is constitutionally protected from claims over the use of a person's likeness, and that the claim is moreover barred by the relevant statute of limitations.

A claim made under the Civil Rights Law must plead that there was "(1) use of plaintiff's name, portrait, picture or voice (2) for advertising purposes or for the purposes of trade (3) without consent and (4) within the state of New York." *Lohan v Take-Two Interactive Software, Inc.*, 31 N.Y.3d 780, 785 (2018). CPLR § 215(3) imposes a one-year statute of limitations for suits brought under the Civil Rights Law § 51. Claims brought under both § 50 and § 51 of the Civil Rights Law, as the present one is, are barred if brought more than one year after the material was first published under the single publication rule. *Richardson v. Proctor & Gamble Co.*, 209 A.D.3d 455, 456 (1st Dept. 2022).

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

**Page 7 of 19**

7 of 19

Here, Plaintiffs first brought their suit alleging violations of the Civil Rights Law in 2024. The film in question does not have a clear and undisputed date of first publication, but the submission for and awarding of the Ken Burns Award would certainly be *a* publication. Because this occurred in 2022, the Civil Rights Law claim is clearly time-barred by the CPLR § 215(3) statute of limitations and therefore the Sixth cause of action will be dismissed.

## Plaintiff's Declaratory Judgment Claim is Time Barred

In their First cause of action, Plaintiffs ask the Court to issue a declaratory judgment that the DA is void, on the grounds that the entity Bella!, which Lieberman signed the DA on behalf of, either does not exist or did not at the time of signing exist, and Lieberman has allegedly failed to comply with the purported agreement's material provisions. The First cause of action also asks the Court to issue a declaratory judgment that the DA does not contain any written consent by Liz, thus "making any dissemination of her interview unauthorized and a violation of federal and state law."

Defendants move to dismiss on the grounds that Plaintiffs have failed to adequately plead a claim. They argue that the fact that the business entity that Lieberman signed on behalf of was not then in existence does not bar the validity of the agreement under agency principles. Furthermore, Defendants argue, Plaintiffs are estopped from denying the existence of Bella! under the doctrine of incorporation by estoppel. Defendants also contend that Plaintiffs are barred from seeking a declaratory judgment by a waiver provision in the DA and that the claim is untimely.

Here, the First cause of action is barred by the relevant statute of limitations. Declaratory judgments for claims involving a contract have a six-year statute of limitations. *Karedes v. Colella*, 100 N.Y.2d 45, 51 (2003); *see also Gandhi v. Nayak*, 148 A.D.2d 390, 391 (1st Dept.

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

**Page 8 of 19**

8 of 19

1989). Plaintiffs are seeking the declaratory judgment on the grounds that, at the time the DA was entered into, BDF did not exist, and Lieberman was aware that it did not exist. While those two facts do not seem to be in dispute, the DA was signed August 1, 2017. Because Plaintiffs brought this claim in 2024, almost seven years later, the declaratory judgment claim is time-barred, and the First cause of action will be dismissed.

**Plaintiffs' Fraudulent Inducement Claim Is Sufficiently Pled**

Plaintiffs in their Second cause of action that Liz was fraudulently induced to enter the DA and that as a result she and BALI were harmed. Defendants move to dismiss on the grounds that Plaintiffs have failed to meet the heightened pleading standard for fraud and instead rely on vague and conclusory allegations.

The elements of a fraudulent inducement claim are "a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury." *GoSmile, Inc. v. Levine*, 81 A.D.3d 77, 81 (1st Dept. 2010). Because fraud has a heightened pleading standard, the elements must be stated in detail and with particularity. *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57 (1999). If a claim is based upon a statement of future intention, the plaintiff must "allege facts to show that the defendant, at the time the promissory representation was made, never intended to honor or act on his statement." *Laura Corio, M.D., PLLC v. R. Lewin Interior Design, Inc.*, 49 A.D.3d 411, 412 (1st Dept. 2008). But general allegations that a party entered a contract lacking the intent to perform cannot sustain a fraudulent inducement claim. *Rising Sun Constr. LLC v. CabGram Dev. LLC*, 202 A.D.3d 557, 559 (1st Dept. 2022). Because Plaintiffs offer only general allegations regarding any future intent to perform under the DA, their fraudulent inducement claim cannot be sustained on those grounds.

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

**Page 9 of 19**

9 of 19

Here, however, Plaintiffs have pled sufficient facts to state a claim for fraudulent inducement based on the misrepresentation of a present fact. They have alleged that Lieberman misrepresented the legal status of BDF as an existing entity, that he concealed an intent to transfer the rights under the agreement from the non-existing (at the time) BDF to his other company REF, that these misrepresentations were done to induce Liz to sign the DA, and that as a result of this misrepresentation Plaintiffs have been harmed, including through allowing access to memorabilia and arranging certain interviews that they would not have done had they known about the misrepresentation. While many of the facts surrounding the extent of any damage suffered by Plaintiffs are disputed, on a motion to dismiss the Court must take facts pled by the Plaintiffs as true and afford them every favorable inference. Under this standard, Plaintiffs have pled facts that show a material and knowing misrepresentation of a present fact, reliance on that fact, and damages as a result.

Defendants also argue that the Second cause of action is duplicative of the breach of contract claims. A fraudulent inducement claim is subject to dismissal when it is duplicative of a contract claim, including "where there is an insincere promise of future performance of the contract itself." *Eastern Effects, Inc. v. 3911 Lemmon Ave. Assoc., LLC*, 223 A.D.3d 562, 563 (1st Dept. 2024). But it is settled that the misrepresentation of a *present* fact, opposed to a misrepresentation of any future intent to perform, is collateral to a contract and "therefore involves a separate breach of duty." *GoSmile*, at 81. Here, Plaintiffs allege a misrepresentation of a present fact at the time of the signing of the DA. Therefore, the Second cause of action will not be dismissed.

## Plaintiffs' GBL § 349 Cause of Action

**651816/2024 ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No. 003**

**Page 10 of 19**

10 of 19

Plaintiffs in their Third cause of action claim that Lieberman has committed various acts of deception related to the documentary, both before and after the film's distribution, in violation of the General Business Law § 349(a). Defendants move to dismiss this claim on the grounds that Plaintiffs have failed to adequately plead a claim and that the claim is barred by the statute of limitations.

Under GBL § 349(a), deceptive business acts are unlawful. A private right of action is allowed pursuant to GBL § 349(h). The elements of a cause of action under this statute are that "(1) the challenged transaction was consumer-orientated; (2) defendant engaged in deceptive or materially misleading acts or practices; and (3) plaintiff was injured by reason of defendant's deceptive or misleading conduct." *Denenberg v. Rosen*, 71 A.D.3d 187, 194 (1st Dept. 2010).

As a threshold issue, a plaintiff pursuing such a right of action must "charge conduct of the defendant that is consumer-orientated." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). Such conduct must, in other words, "have a broad impact on consumers at large." *Golub v. Tanenbaum-Harber Co., Inc.*, 88 A.D.3d 622, 623 (1st Dept. 2011). Private contract disputes are not conduct that affects consumers under GBL § 349. *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 321 (1995). Here, while the conduct in question is certainly consumer-orientated in the sense that any member of the public can see the conduct by watching the film, any harm that would result from allegedly misrepresenting the consent and source of the footage in question is private and not public. There is none of the "broad impact on consumers at large" that *Golub* contemplates, and the statute was intended to dissuade. Even with the benefit of a favorable inference, the amended complaint fails to state a claim under the GBL § 349.

**651816/2024 ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No. 003**

**Page 11 of 19**

11 of 19

**Plaintiffs' Accounting Claim Validly Pleads a Claim for Breach of Contract, But Not an Equitable Right to an Accounting**

In their Fourth cause of action, Plaintiffs allege that should the DA be deemed valid, they are owed a financial accounting from Defendants pursuant to it and that Defendants have failed to comply with accounting requests. Defendants move to dismiss this claim on the grounds that Plaintiffs' have failed to allege the required fiduciary relationship that would give rise to a right to demand an accounting.

When a cause of action requesting an accounting is based on a fiduciary relationship, it "does not require a showing that there is no adequate remedy at law" because the right "springs from the fiduciary relationship itself." *Mullin v. WL Ross & Co. LLC*, 173 A.D.3d 520, 522 (1st Dept. 2019); *see also Koppel v. Wien, Lane & Malkin*, 125 A.D.2d 230, 234 (1st Dept. 1986). Plaintiffs do not allege precisely what fiduciary relationship gives rise to the right to a claim for an accounting, but in their Twenty-First cause of action for breach of fiduciary duty, Plaintiffs claim that Lieberman has a fiduciary duty as a result of being entrusted with "Abzug family heirlooms, mementos, videos and other memorabilia." Such a fiduciary duty, if it existed, could not give rise to a right for an accounting as the financial records Plaintiffs are requesting are not related to any such property that was entrusted to the Defendants. Because there has not been an adequately pled fiduciary relationship with a nexus to the requested remedy, there is no equitable right to an accounting. *See Koster, Brady & Nagler, LLP v. Callan*, 156 A.D.3d 509, 210 (1st Dept. 2017); *see also Castellotti v. Free*, 138 A.D.3d 198, 210 (1st Dept. 2016). To the extent that such a request for accounting would be based on a fiduciary relationship and not breach of contract, there is no validly pled equitable right to an accounting.

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

**Page 12 of 19**

12 of 19

Plaintiffs also argues that they have a contractual right to an accounting springing from the DA. Because Plaintiff is arguing in the alternative that the DA is a valid and binding contract, such a claim would more properly be a breach of contract claim for failure to produce financial records as required by the contract. Paragraph 5 of the DA states that "Abzug shall have the right to cause Filmmaker's Books to be examined or audited, at the place where Filmmaker normally keeps such Books, by such certified public accountants or other representatives as Abzug may choose." Plaintiffs also have alleged that they have requested such an accounting and been denied and submitted emails to that effect. Therefore, the Fourth cause of action validly pleads a claim for breach of contract relating to the failure to provide a contract.

### Plaintiffs' Permanent Injunction Claim

In their Fifth cause of action, Plaintiffs' request a permanent injunction that would bar Lieberman from the public dissemination of any private property of the Estate or the Abzug family, such as certain family photos and videos. Defendants move to dismiss on the grounds that a request for a permanent injunction cannot stand as an independent cause of action. In many circumstances, permanent injunctions are not properly brought as an independent cause of action. *See Carlyle, LLC v. Quik Park 1633 Garage LLC*, 160 A.D.3d 476, 477-78 (1st Dept. 2018). But it is permissible to plead a separate cause of action for a permanent injunction so long as the remedy sought is dependent on the merits of the substantive action and there are other causes of action remaining. *See Weinreb v. 37 Apts. Corp.*, 97 A.D.3d 54, 59 (1st Dept. 2012); *see also Corsello v. Verizon N.Y., Inc.*, 77 A.D.3d 344, 368 (2nd Dept. 2010). Because here the permanent injunction would depend on the merits of the claims that Abzug family property is being used without consent in the film, it would be premature to dismiss this cause of action.

### Plaintiffs' Breach of Contract Claims

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

**Page 13 of 19**

13 of 19

The Seventh through Sixteenth and the Twentieth causes of action in Plaintiffs' amended complaint claim in the alternative that Defendants engaged in certain breaches of contract by violating the DA. Defendants move to dismiss all of these claims on the grounds that they fail to allege damages, "grossly misquote" and misinterpret the DA, and otherwise fail to state a cause of action. Defendants also argue that the Sixteenth cause of action is baseless, and that the Fifteenth, Seventeenth and Eighteenth causes of action fail to state claims based on documentary evidence.

## I: Damages are Properly Alleged

On the general issue of damages for the twelve breach of contract causes of action, Plaintiffs have adequately alleged facts to support their claims. A lack of damages is indeed enough to defeat a breach of contract claim. *See, e.g., Tour Cent. Park Inc. v. Thor 38 Park Row LLC*, 223 A.D.3d 546, 547 (1st Dept. 2024). But at the motion to dismiss stage, the Court obliged to take the facts alleged by Plaintiffs to be true and accord them every favorable inference. Here, there are facts alleged sufficient to show damages flowing from an alleged breach of the contract. They allege that monies owed were not paid, that the ability to have input and some degree of consultation and creative input into the final film was denied to them, and that invitations owed to specific meetings and events were not extended to them. These are sufficient to allege damages.

## II: The Fifteenth Cause of Action States a Claim

Turning to the Defendants' arguments regarding specific breach of contract claims, the Fifteenth cause of action does state a claim. This claim alleges that Lieberman breached an obligation to have Liz approve deviations by "fail[ing] to provide any meaningful outline."

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

**Page 14 of 19**

14 of 19

Defendants argue that the relevant provision of the DA in full defeats the claim. The sentence in question reads:

> Filmmaker shall meaningfully consult with Abzug with respect to the final cut of the Film; provided, however, Abzug shall have the right to approve any significant material deviations from the outline provided to Abzug as of the date hereof that Abzug believes disparages the Subject or casts the Subject in a negative light.

Defendants argue that because there has been no allegation that Liz believes material in the film is disparaging, that there has been no breach of this clause. But it is the lack of meaningful consultation (which by a plain reading of the sentence would include making her aware of significant material deviations) that Plaintiffs are alleging is the breach. They have alleged facts stating that obligations under this clause were not met, and therefore dismissal at this stage is premature.

III: The Sixteenth Cause of Action is not Baseless

Defendants allege that the Sixteenth cause of action (stating that Liz was denied a credit as Executive Producer) is "baseless" because there is documentary evidence that Liz was offered the chance to have her name credited as an Executive Producer and she demanded that her name be removed. The Lieberman Affidavit states that Liz requested her name be removed in 2020. The email chain in Exhibit J that Defendants cite to clearly shows Liz requesting in 2021 to have her "name reinstated as the original Executive Producer" and Lieberman agreeing to this request according to the DA in his follow-up email. Therefore, this claim is not baseless.

IV: The Seventeenth and Eighteenth Causes of Action Fail to State a Claim

Defendants argue that the terms of the DA defeat the Seventeenth, Eighteenth, and Nineteenth causes of action. These causes allege that Liz was not paid any compensation as creative consultant nor the 5% executive producer salary, and that BALI was not paid their 5%

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

**Page 15 of 19**

15 of 19

of revenue. The Seventeenth and Eighteenth causes hinge on compensation promised to Liz in Paragraph 5 of the DA, specifically 5% of the total amount committed to the film if at any time the Filmmaker "enters into any agreement with any Network, distributor or corporate sponsor to invest in, lend for or finance the development, production, distribution or exploitation of the film." Defendants argue that Plaintiffs have not alleged the receipt of any funds under this definition. Plaintiffs allege that Liz has received no compensation, but they fail to allege that any funds have been received by the Defendants that would qualify her for a 5% payment under the terms of the DA. Therefore, the Seventeenth and Eighteenth causes of action should be dismissed for failure to state a claim.

## V: Dismissal of the Nineteenth Cause of Action Would be Premature

The Nineteenth cause of action states that BALI has not been paid 5% of "net revenue" in accordance with the terms of the DA. Defendants argue that BALI is only entitled to "5% of profits, not revenues" and that the film has not yet made any profit. But there are disputed questions of fact regarding the film's financial state, and therefore the existence of any profit that would give BALI a right to a share therein. Therefore, it would be premature at this stage to dismiss this claim.

## Plaintiffs' Breach of Fiduciary Duty Claim Fails to State a Claim Because it Does Not Adequately Allege the Existence of a Fiduciary Relationship

Plaintiffs allege in their Twenty-First cause of action that Defendants had a fiduciary duty to Plaintiffs and that they breached that duty in a variety of ways – including failure to share proceeds with Liz and BALI, and failure to share financial accounting documents. Defendants move to dismiss this claim on the grounds that it is duplicative of the breach of contract claims.

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

**Page 16 of 19**

16 of 19

Defendants further contend that Plaintiffs have failed to adequately plead the existence of a fiduciary relationship.

When a breach of fiduciary duty claim is merely duplicative of a breach of contract claim, it is properly dismissed. *See, e.g., Celle v. Barclays Bank P.L.C.*, 48 A.D.3d 301, 302 (1st Dept. 2008). If, however, the cause of action for breach of fiduciary duty and breach of contract concerns an alleged breach of a duty separate from the contract, the causes of action are not duplicative. *See, e.g., Calderoni v. 260 Park Ave. S. Condominium*, 220 A.D.3d 563, 563 (1st Dept. 2023). Although not artfully pled, the Court understands the Twenty-First cause of action to allege that Lieberman was entrusted with private property and that this (and not the DA) created a duty to act in good faith that he subsequently allegedly breached.

The complaint states that "Lieberman was entrusted with property and aceess [sic] and owed a fiduciary suty [sic] to Plaintiffs to act in good faith." But outside of conclusory statements such as this, Plaintiffs cite to no authority or other evidence that there existed a fiduciary duty owed by Lieberman to Plaintiffs. Plaintiffs do not allege that the property allegedly entrusted to Lieberman constituted a trust and that Lieberman was a trustee, or that there was some other form of fiduciary relationship between the parties. Therefore, this cause of action has failed to state a necessary element of the claim and will be dismissed.

## The Allegedly Scandalous and Prejudicial Matter in Plaintiffs' Amended Complaint Should be Stricken

Defendants also move under CPLR § 3024(b) to strike certain matter from the pleadings. The specific comments that Defendants object to are the parts of Plaintiffs' caption that state: "BELLA! DOCUMENTARY FILM, LLC, a fictitious entity that does not legally exist but was utilized to facilitate a fraud against Plaintiffs by the individual Defendant Lieberman"; and "RE-

651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL
Motion No.  003

Page 17 of 19

17 of 19

EMERGING FILMS, LLC, another entity controlled by the individual Defendant engaged in the unauthorized [sic] dissemination and distribution of property and memorabilia belonging to Plaintiffs."

Under CPLR § 3024(b), "[a] party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a pleading." The appropriate inquiry for a motion under this provision is whether "the purportedly scandalous or prejudicial allegations are relevant to a cause of action." *Soumayah v. Minnelli*, 41 A.D.3d 390, 392 (1st Dept. 2007). The Court agrees with Defendants that the caption is not the place to make such comments and allegations. Defendants motion to strike this material from the amended complaint's caption is granted.

## Conclusion

To sum up, of the twenty-one causes of action in the amended complaint, Defendants' motion to dismiss has been granted as to six and denied as to the rest. The First and Sixth causes of action are dismissed as barred by the statute of limitations. The Third, Seventeenth, Eighteenth, and Twenty-First causes of action are dismissed for failure to state a claim. Defendants motion is also granted as to striking the two accusations in the amended complaint's pleading. The Court has considered the Defendants' remaining arguments and found them unavailing. Accordingly, it is hereby

ORDERED and ADJUDGED that defendants' motion to dismiss is granted as to the First, Third, Sixth, Seventeenth, Eighteenth, and Twenty-First causes of action, and thus these causes of action are dismissed; and it is further

ADJUDGED that defendants' motion to dismiss is denied as to the remaining causes of action; and it is further

**651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL**
**Motion No.  003**

Page 18 of 19

18 of 19

[* 19]

ORDERED that the material in the plaintiffs' caption reading "a fictitious entity that does not legally exist but was utilized to facilitate a fraud against Plaintiffs by the individual Defendant Lieberman" and "another entity controlled by the individual Defendant engaged in the unatuthorized [sic] dissemination and distribution of property and memorabilia belonging to Plaintiffs" be stricken.

20241029130115LFRANK3D1230462C6845A684052BEDA962F692

_____
10/29/2024
DATE

_____
LYLE E. FRANK, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

651816/2024   ESTATE OF BELLA ABZUG ET AL vs. LIEBERMAN, JEFF L ET AL
Motion No.  003

Page 19 of 19

19 of 19