Puritan Partners LLC v Breezer Holdings, LLC (2025 NY Slip Op 01723)

Puritan Partners LLC v Breezer Holdings, LLC

2025 NY Slip Op 01723

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Index No. 654132/23|Appeal No. 3942-3943|Case No. 2024-02531 2024-07420|

[*1]Puritan Partners LLC, Plaintiff-Appellant,
v
Breezer Holdings, LLC, et al., Defendants-Respondents. 

Sichenzia Ross Ference Carmel LLP, New York (Sameer Rastogi of counsel), for appellant.
Nutter McClennen & Fish LLP, New York (Christopher J. Sullivan of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Andrew Borrok, J.), entered April 5, 2024, which granted defendants' motion for summary judgment on the grounds of usury and dismissed the complaint, unanimously reversed, on the law, with costs, the motion denied without prejudice pending further disclosure, the complaint reinstated, and the parties directed to complete discovery. Order, same court and Justice, entered November 21, 2025, which, in effect, granted plaintiff's motion for renewal and reargument, and upon renewal and reargument, adhered to the prior judgment, unanimously dismissed, without costs, as academic.
It was error to grant defendants' summary judgment motion prior to discovery, where, as here, non-movant plaintiff has identified several specific, relevant facts that are exclusively in defendants' possession (see Carboni v Alfa Romeo USA, 223 AD3d 585, 585 [1st Dept 2024]). Plaintiff, as lender and investor, and defendants, as borrowers, entered into a complicated loan agreement memorialized by a suite of documents. The Securities Purchase Agreement is the foundational agreement and set out the framework for lenders who wished to participate in the purchase of the notes. In exchange for providing funding, each purchaser received a note and a warrant. The note and warrant contain their own complicated terms as well. Approximately two years after executing the various loan documents, plaintiff sent a notice of acceleration, which the parties were unable to resolve. Plaintiff then commenced this action. However, before any documents were produced in discovery, defendants moved for summary judgment, claiming the interest rate on the loan was usurious.
Supreme Court should have denied the motion because it cannot be determined at this pre-discovery stage if plaintiff's loan should be aggregated with other loans in the same series, and if so, whether the safe harbor provision for loans totaling more than $2.5 million applies (General Obligations Law § 5-501[6][b]). Although plaintiff invested $1.516 million, given defendants' own statements that it raised additional funds under the same series of notes, and the structure of the deal documents, plaintiff raised issues of fact as to the amount of other loans under the series and whether the loans should be aggregated (see AJW Partners, LLC v Itronics Inc., 68 AD3d 567, 568 [1st Dept 2009]).
Even if the safe harbor provision does not apply, then the effective interest rate must be ascertained by examining the value received by a lender in consideration of the loan, such as the stated interest rate, the value of the conversion right in the note, and the value of the warrants (General Obligations Law § 5-501; see Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d 320, 334 [2021]). The valuation of the consideration received is a highly fact intensive question requiring discovery (see id.).Indeed, defendants submitted an expert report in support of their motion, in which the expert [*2]opined as to the stated interest rate, the value of the conversion option in the note, and the value of the warrant. The expert based his conclusion on assumptions which plaintiff cannot verify or test because there has been no discovery.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025